Chiharu Sekino (SBN 306589)
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: 619-235-2416
Facsimile: 866-300-7367
Email: csekino@sfmslaw.com

*Attorneys for Plaintiff*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>   Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY DEMANDED** |

1
CLASS ACTION COMPLAINT

Plaintiffs, Gloria Caves and Tamim Kabir (collectively, "Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendant, Walgreen Co. ("Walgreens" or "Defendant"), and allege, on personal knowledge as to all facts related to themselves and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and a proposed class (as defined below) of similarly situated individuals against Walgreens, for its unlawful employment scheme that denies Plaintiffs and others like them the wages and benefits to which they are lawfully entitled.

2. Specifically, even though Plaintiffs were spending more than 70% of their time performing *non*-managerial tasks, Defendant improperly classified Plaintiffs and others similarly situated as "exempt" employees and failed to: (1) either provide them with statutorily required meal periods or pay them missed meal period premiums; (2) either provide them with statutorily required rest periods or pay them missed rest period premiums; (3) pay them all wages when due; (4) provide them with accurate itemized wage statements; and (5) pay them all wages due upon separation of employment (i.e., waiting time penalties).

3. Defendant has increased its own profits by engaging in this systematic pattern of wage and hour abuse toward Plaintiffs and others similarly situated.

4. Accordingly, Plaintiffs seek, on behalf of themselves and all others similarly situated, declaratory and injunctive relief, restitution, compensatory damages, liquidated damages, penalties, attorneys' fees and costs, prejudgment interest, and all other relief presently available statutorily and/or under applicable law.

## THE PARTIES

5. Plaintiff, Gloria Caves ("Caves"), is, and at all relevant times was, a resident and citizen of Elk Grove, California. Caves has been employed by Walgreens since June 2009 as a salaried store manager. Caves works on average in excess of eight hours a day and approximately 55 to 65 hours per week. Caves worked at a Walgreens located at 9200 Elk Grove Florin Road, Elk Grove, California until June 2018. She now works at a Walgreens located at 1351 West Capitol Ave, West Sacramento, California 95691. At all times relevant herein, Walgreens classified Caves as an exempt employee and denied her wages and benefits which she would have been entitled to if she was properly classified as a non-exempt

employee.

6. Plaintiff, Tamim Kabir ("Kabir"), is, and at all relevant times was, a resident and citizen of Elk Grove, California. Kabir was employed by Walgreens from August 2010 to May 2018 as a salaried store manager. Kabir worked at numerous locations, including: 8400 Elk Grove Florin Road, Elk Grove, California (August 2010-December 2010); 250 Wilson Way, Stockton, California (now closed) (December 2010-September 2012); 1420 Meadowview Road, Sacramento, California (September 2012-April 2013); 4495 Mack Road, Sacramento, California (April 2013-August 2014); and 7299 Laguna Boulevard, Elk Grove, California (August 2014-May 2018). Kabir worked on average in excess of eight hours a day and approximately 55 to 65 hours per week. At all times relevant herein, Walgreens classified Kabir as an exempt employee and denied him wages and benefits to which he would have been entitled if he was properly classified as a non-exempt employee.

7. Defendant is an Illinois corporation with its principal place of business in Deerfield, Illinois and, thus, is a citizen of Illinois. Walgreens does business in the State of California, including in the County of Sacramento, conducts business throughout the State of California, and employs and has employed individuals in the position of salaried store manager at its retail stores.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $5 million, exclusive of interest and costs, and it is a class action in which Plaintiffs and members of the putative class are citizens of states different from Defendant.

9. This District is the proper venue for this action because Defendant conducts business throughout this District and a substantial part of the events giving rise to this action have occurred in this District.

## GENERAL ALLEGATIONS

10. Defendant is a retail company with chains that operate throughout the United States, including in California. The Company sells health and wellness products and provides, among other things, prescription-filling, health information, and photo services.

11. Pursuant to the California Industrial Welfare Commission Wage ("IWC") Order No. 7-2001, § 1, a person employed in an executive capacity – and therefore exempt from the protections of the

California Labor Code ("Labor Code") and IWC Order – means an employee who:

    (a)    primarily engages in the management of the enterprise in which they are/were employed or of a customarily recognized department or subdivision thereof; and

    (b)    customarily and regularly directs the work of at least two other full-time employees or the equivalent; and

    (c)    is granted the authority to hire or fire other employees, or to command particularly serious attention to their recommendations on such actions; and

    (d)    customarily and regularly exercises discretion and independent judgment in the performance of their duties; and

    (e)    primarily engages in managerial work;[1] and

    (f)    earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment (i.e., 40 hours per week).

12. At all times relevant herein to this action, Defendant classified and continues to classify Plaintiffs and each member of the class as an "exempt" employee, even though they did not or do not meet the above exemption criteria.

13. In fact, rather than "manage" the store, Plaintiffs spent more than 70% of their time performing *non*-managerial tasks – the same tasks performed by their hourly subordinates – including, but not limited to: restocking shelves, assisting in the in-store pharmacy, operating the cash register, printing photos, performing customer service work, and shelf price labeling.

14. Accordingly, because Plaintiffs and class members were and are not involved in managing

---

[1] 29 C.F.R. § 541.102 provides: Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

Defendant's enterprise, they were not exempt employees. Rather, Plaintiffs and class members were/are non-exempt employees and were/are entitled to: (1) either the statutorily mandated meal periods or payment of missed meal period premiums; (2) either the statutorily mandated rest periods or payment of missed rest period premiums; (3) payment of all wages due; (4) receipt of accurate itemized wage statements; and (5) payment of all wages due upon separation of employment (i.e., waiting time penalties).

15. Specifically, Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and other class members were entitled to meal periods in accordance with the Labor Code or payment of one additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, 30-minute meal periods. However, relying upon, and consistent with, Defendant's standard policy, practice and procedure of misclassifying Plaintiffs and other class member as exempt employees, Defendant failed (and continues to fail) to provide Plaintiffs and other class members with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, 30-minute meal period.

16. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and other class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Order or payment of one additional hour of pay at their regular rates of pay when they were not provided with a compliant rest period. However, relying upon, and consistent with Defendant's standard policy, practice and procedure of misclassifying Plaintiffs and other class member as exempt employees, Defendant failed (and continues to fail) to provide Plaintiffs and other class members with compliant rest periods or payment of one additional hour of pay at their regular rates of pay when they were not provided with a compliant rest period.

17. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and other class members were entitled to timely payment of wages during their employment. However, relying upon, and consistent with, Defendant's standard policy, practice and procedure of misclassifying Plaintiffs and other class member as exempt employees, Defendant did not (and continues to not) pay Plaintiffs and other class members all wages due, including, but not limited to, meal and rest period premium wages, within the permissible time periods.

18. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have

known that Plaintiffs and other class members were entitled to receive complete and accurate wage statements in accordance with California law. However, relying upon, and consistent with, Defendant's standard policy, practice and procedure of misclassifying Plaintiffs and other class member as exempt employees, Defendant did not (and continues to not) provide Plaintiffs and other class members with complete and accurate wage statements.

19. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and other class members were entitled to receive all wages due to them upon termination. However, relying upon, and consistent with, Defendant's standard policy, practice and procedure of misclassifying Plaintiffs and other class member as exempt employees, Defendant failed to provide Plaintiffs and Class members all wages due to them upon termination.

20. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, Defendant intentionally and uniformly designated Plaintiffs and other class members as exempt employees, by their job title and salary alone, and without regard to Defendant's realistic expectations and actual overall requirements of the job, as an attempt to avoid payment of wages and other benefits (even though Defendant had the financial ability to pay such compensation) and to increase its own profits.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.

22. The proposed class (the "Class") which Plaintiffs seek to represent is composed of and defined as follows:

> All current and former store managers employed by Walgreens in the State of California and classified as exempt, salaried employees for four years prior to the filing of the original complaint in this action through the date of final judgment.

23. This action may be properly maintained as a class action pursuant to FRCP Rules 23(a) and (b)(3) and/or (c)(4).

24. Numerosity: The potential members of the proposed Class are so numerous that joinder of all members would be infeasible and impracticable. While the precise number of Class members is unknown to Plaintiffs at this time, it is estimated that the Class includes thousands of individuals.

25. <u>Ascertainable Class</u>:  The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendant's payroll and personnel records.

26. <u>Typicality</u>:  The claims of Plaintiffs are typical of the claims of all members of the Class because all members of the Class sustained similar injuries and damages arising out of Defendant's common course of conduct in violation of the law, and the injuries and damages of all members of the Class were caused by Defendant's wrongful conduct in violation of the law, as alleged herein.

27. <u>Adequacy</u>:  Plaintiffs are adequate representatives of the Class, will fairly protect the interest of the members of the Class, and will vigorously pursue this suit.  Plaintiffs have no interests antagonistic to the interest of the other members of the Class, and are subject to no unique defenses. Plaintiffs' attorneys are competent, skilled, and experienced in litigating class actions of this kind and other complex litigation.

28. <u>Superiority</u>:  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Individual joinder of all the Class members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members.  Each member of the Class has been damaged and is entitled to recovery by reason of: Defendant's illegal policy and/or practice of misclassifying Plaintiffs and Class members as exempt employees and refusing to: (1) either provide them with statutorily required meal periods or pay them missed meal period premiums; (2) either provide them with statutorily required rest periods or pay them missed rest period premiums; (3) pay them all wages when due; (4) provide them with accurate itemized wage statements; and (5) pay them all wages due upon separation of employment (i.e., waiting time penalties).  A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

29. <u>Existence of Predominance and Common Questions of Fact and Law</u>:  There are common questions of fact and law as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

    (a) Whether Defendant has a policy or practice of misclassifying Plaintiffs and

    members of the Class as exempt rather the non-exempt to avoid compliance with various provisions of the Labor Code and IWC Orders;

 (b) Whether Defendant violated the Labor Code and IWC Order No. 7-2001 by failing to provide Plaintiffs and members of the Class: (1) a 30-minute meal period for work of over five hours and/or a second 30-minute meal period for work over ten hours; and/or (2) a payment of wages for each missed meal period;

 (c) Whether Defendant violated the Labor Code and IWC Order No. 7-2001 by failing to provide Plaintiffs and members of the Class: (1) a paid ten-minute rest period for each four hours, or major fraction thereof; and/or (2) a payment of wages for each missed rest period;

 (d) Whether Defendant violated the Labor Code by failing to pay Plaintiffs and members of the Class all wages when due;

 (e) Whether Defendant violated the Labor Code by failing to provide Plaintiffs and members of the Class accurate itemized wage statements;

 (f) Whether Defendant violated the Labor Code by failing to pay Plaintiffs and members of the Class all compensation due and owing to all current and former Walgreens' employees;

 (g) Whether Defendant breached its contract and its covenant of good faith and fair dealing with Plaintiffs and members of the Class;

 (h) Whether Defendant's business practices are unlawful and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); and

 (i) Whether Plaintiffs and members of the Class are entitled to equitable relief pursuant to the UCL.

## FIRST CAUSE OF ACTION
**Failure to Provide Required Meal Period or Pay Missed Meal Period Premium Wage [Cal. Lab. Code §§ 226.7, 512, and Cal. Code Regs. Tit. 8, § 11020 (IWC Order No. 7-2001)]**

30. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

31. Labor Code §§ 226.7, 512(a), and IWC Order No. 7-2001, § 11, mandate that Defendant provide meal periods to its non-exempt employees. Specifically, unless waived by mutual consent of the employer and employee, the law prohibits employers from employing an employee: (1) for more than five hours without providing a meal period of not less than 30 minutes; and (2) for more than ten hours

per day without providing the employee with a second meal period of not less than 30 minutes. Further, unless the employee is relieved of all duty during the 30-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable wage order.

32. Under Labor Code § 226.7(c) and IWC Order No. 7-2001, § 11(d), if an employer fails to provide a required meal period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

33. Plaintiffs and the Class members did not willfully waive their meal periods through mutual consent with Defendant.

34. At all times relevant herein, Defendant knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class members with the off-duty meal period to which they were entitled.

35. Defendant has failed to pay Plaintiffs and the Class members one hour of pay for each off-duty meal period that they were denied.

36. As a result of Defendant's conduct described herein, Defendant has failed and continues to fail to provide required meal periods and pay premium wages for all missed meal periods, in violation of Labor Code §§ 226.7, 512, and IWC Order No. 7-2001, § 11.

37. As a proximate result of the aforementioned violations, Plaintiffs and the Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; and all other relief presently available statutorily and/or under applicable law, including, *inter alia*, civil penalties pursuant to Labor Code §§ 558, 1199 and 2698, *et seq*.

**SECOND CAUSE OF ACTION**
**Failure to Provide Required Rest Period or Pay Missed Rest Period Premium Wage [Cal. Lab. Code § 226.7 and Cal. Code Regs. Tit. 8, § 11020 (IWC Order No. 7-2001)]**

38. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

39. Labor Code §§ 226.7 and IWC Order No. 7-2001, § 12, mandate that Defendant provide rest periods to its non-exempt employees. Specifically, the law requires employers to provide employees ten minutes of net rest time per four hours or major fraction thereof, and pay the employees their full

wages during those rest periods. The employer is required to offer the rest periods in the middle of each work period, insofar as is practicable.

40. Moreover, under Labor Code § 226.7(c) and IWC Order No. 7-2001, § 12, if an employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

41. At all relevant times herein, Defendant knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class members with the rest periods to which they were entitled.

42. Moreover, without any apparent justification, Defendant has failed to provide Plaintiffs and the Class members their required rest periods in the middle of the work periods.

43. Defendant has failed to pay Plaintiffs and the Class members one hour of pay for each workday that a full and timely rest period was not provided.

44. As a result of Defendant's conduct described herein, Defendant has failed, and continues to fail, to provide required rest periods and pay premium wages for all missed rest periods, in violation of Labor Code §§ 226.7 and IWC Order No. 7-2001, § 12.

45. As a proximate result of the aforementioned violations, Plaintiffs and the Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; and all other relief presently available statutorily and/or under applicable law, including, *inter alia*, civil penalties pursuant to Labor Code §§ 558, 1199 and 2698, *et seq*.

### THIRD CAUSE OF ACTION
**Failure to Pay All Wages When Due [Cal. Lab. Code §§ 204, 206 and Cal. Code Regs. Tit. 8, § 11020 (IWC Order No. 7-2001)]**

46. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

47. As alleged above, Defendant has followed and continues to follow policies and/or practices of failing to pay Plaintiffs and the Class members additional wages due for missed meal and rest periods, thereby failing to pay Plaintiffs and the Class members all wages when due.

48. Through Defendant's conduct described herein, and through its failure to properly pay premium wages for all missed meal and rest periods to Plaintiffs and the Class members, Defendant has

violated, and continues to violate, Labor Code §§ 204, 206, and IWC Order No. 7-2001, which require employers, including Defendant, to pay its employees their full wages when due.

49. Defendant has knowingly and willfully committed, and continues to commit, the acts alleged herein.

50. As a proximate result of Defendant's unlawful actions and omissions, Plaintiffs and the Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; and all other relief presently available statutorily and/or under applicable law, including, *inter alia*, civil penalties pursuant to Labor Code § 210, 558, 1199, and 2698, *et seq*.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements [Cal. Labor Code §§ 226, 1174 and Cal. Code Regs. Tit. 8, § 11020 (IWC Order No. 7-2001)]**

51. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

52. During the Class Period, Defendant knowingly and intentionally failed to maintain records as required under Labor Code §§ 226, 1174, and IWC Order No. 7-2001, § 7.  Specifically, Defendant consistently and continuously has failed to provide Plaintiffs and its employees with wage statements that accurately and completely reflect, for example, all hours worked, and meal and rest period premiums.

53. As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; and all other relief presently available statutorily and/or under applicable law, including, *inter alia*, civil penalties pursuant to Labor Code §§ 226.3, 558, 1174.5, 1199, and 2698, *et seq.*

**FIFTH CAUSE OF ACTION**
**Failure to Pay Wages Due and Owing [Labor Code § 200, *et seq*.]**

54. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

55. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

56. Labor Code § 202 requires an employer to pay all compensation due and owing to an

employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

57. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

58. Defendant had and continues to have a consistent and uniform policy, practice and procedure of willfully failing to pay certain members of the Class, including Plaintiff Kabir, at the termination of their employment, their earned wages owed for all work performed, in violation of Labor Code §§ 201 and 202.

59. Certain members of the Class, including Plaintiff Kabir, are no longer employed by Defendant in that they were either discharged from or resigned from Defendant's employment.

60. Defendant willfully failed to pay certain Class members who left its employment their earned wages, at the time of their termination or within 72 hours of their resignation, and failed to pay those sums for 30 days thereafter. Defendant knew, or should have known, that wages were due, but nevertheless failed to pay them.

61. Plaintiff Kabir and members of the Class who left Defendant's employment are entitled to penalties pursuant to Labor Code § 203, in the amount of each person's daily wage, multiplied by 30 days.

62. As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; and all other relief presently available statutorily and/or under applicable law, including, *inter alia*, civil penalties pursuant to Labor Code §§ 203, 558, 1199, and 2698, *et seq*.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**

63. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

64. Plaintiffs and the Class members entered into contracts with Defendant to perform services

for Defendant in exchange for payment for those services.

65. Defendant's agreement to pay Plaintiffs and the Class members all wages when due was a material term of these agreements.

66. Defendant materially breached its agreements with Plaintiffs and the Class when it failed to compensate Plaintiffs and the Class members for all missed meal and rest periods in accordance with the agreed-upon terms of the agreements.

67. Defendant has refused and continues to refuse to allow Plaintiffs and the Class members the benefits of their employment contracts and to perform under said agreement in the agreed-upon manner.

68. As a result, Plaintiffs and the Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; penalities and all other relief presently available statutorily and/or under applicable law.

## SEVENTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

69. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

70. As with other Class members, as a result of the employment relationship which existed between Plaintiffs and Defendant, the express and implied promises made in connection therewith, and the acts, conduct and communications which resulted in said implied promises and under the law of the State of California, Defendant covenanted and promised to act in good faith toward and deal fairly with Plaintiffs and other Class members, which requires, *inter alia*, the following:

(a) Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

(b) Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

(c) Neither party would take any action to prevent the other from obtaining the benefits of the employment relationship; and

(d) Defendant employer would comply with its own representations, rules, practices, policies and procedures in dealing with Plaintiffs.

71. Defendant breached the covenant of good faith and fair dealing and said breach was wrongful, in bad faith and unfair, and, therefore, in violation of Defendant's legal duties.

72. Plaintiffs and Class members further allege that Defendant breached the covenant of good faith and fair dealing when it:

   (a) Failed and refused to pay Plaintiffs and Class members in accordance with California law; and

   (b) Unfairly prevented Plaintiffs and Class members from obtaining the benefits of the employment relationships, including: either meal periods or payment of missed meal period premiums; either rest periods or payment of missed rest period premiums; payment for all wages due; accurate itemized wage statements; compensation due and owing to all former Walgreens' employees; and other benefits.

73. Defendant's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiffs and Class members. As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiffs and Class members have lost wages and other employee benefits in an amount that will be proven at trial.

74. As a result, Plaintiffs and the Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due; interest, attorneys' fees and costs; penalties and all other relief presently available statutorily and/or under applicable law.

**EIGHTH CAUSE OF ACTION**
**Violation of the UCL [Business and Professions Code §§ 17200, *et seq.*]**

75. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

76. The UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*, defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.

77. Section 17204 of the UCL allows a person who has been injured and has lost money as a result of the unfair competition to prosecute a civil action for violations of the UCL.

78. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain

competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

79. At all times relevant herein, Defendant has committed acts of unfair competition, as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this Complaint, including, but not limited to its:

(a) Failure to either provide required meal periods or pay premium wages for each missed meal period, and to maintain the requisite records;

(b) Failure to either provide required rest periods or pay premium wages for each missed rest period;

(c) Failure to pay all wages for time worked when due;

(d) Failure to maintain requisite records and provide accurate itemized wages statements; and

(e) Failure to timely pay all wages due and owing to former Walgreens' employees.

80. The violations of these laws and regulations, as well as of fundamental California public policies, serve as unlawful predicate acts and practices for purposes of the UCL.

81. Defendant's acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition within the meaning of the UCL. Among other things, the acts and practices have taken from Plaintiffs and members of the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

82. Section 17203 of the UCL provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and business practices alleged above.

83. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and members of the Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

84. Section 17203 of the UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

85. As a result of Defendant's unfair and unlawful business practices, Defendant has reaped

and continues to reap unfair and illegal profits, at the expense of Plaintiffs and the Class members. Thus, Plaintiffs and members of the Class are entitled to restitution pursuant to Section 17203 of the UCL for all wages and payments unlawfully withheld from them.

86. Section 17202 of the UCL provides that "[n]otwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Thus, unless otherwise prevented by applicable law, Plaintiffs and members of the Class are entitled to enforce all applicable provisions of the Labor Code pursuant to Section 17202 of the UCL.

87. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs are filing this Class action on behalf of themselves, as well as all others similarly situated. Plaintiffs and members of the Class seek all wages earned and due; interest, attorneys' fees and costs; penalties; declaratory and injunctive relief; and all other equitable relief presently available statutorily and/or under applicable law.

### NINTH CAUSE OF ACTION
**Representative Action for Civil Penalties [Cal. Lab. Code § 2698-2699.5]**

88. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth fully herein.

89. Plaintiffs are "aggrieved employee[s]" within the meaning of Labor Code § 2699(c), and are proper representatives to bring a civil action on behalf of themselves and other current and former employees of Defendant, because Plaintiffs were/are employed by Defendant and the alleged violations of the Labor Code were committed against Plaintiffs.

90. Pursuant to Labor Code Sections 2699.3 and 2699.5, aggrieved employees, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

> The aggrieved employee shall give written notice by online filing with the Labor and Workforce Department Agency ("LWDA") and by certified mail to the employer (hereinafter, "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

> The LWDA shall provide notice (hereinafter, "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is

16
CLASS ACTION COMPLAINT

not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code Section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

91. On August 23, 2018, Plaintiffs provided written notice by online filing to the LWDA and by certified mail to Walgreens of the specific provisions of the Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with Labor Code Section 2699.3. *See* Letter to the LWDA and a copy of the same to Walgreens dated August 23, 2018, attached hereto as Exhibit "A."

92. As of the filing date of this Complaint, more than 65 days have passed since Plaintiffs sent the LWDA Notice described above, and the LWDA has not responded that it intends to investigate Plaintiffs' claims. Thus, Plaintiffs have satisfied the administrative prerequisites under Labor Code Section 2699.3(a) to recover civil penalties against Defendant, in addition to other remedies, for violations of Labor Code Sections 204, 206, 226, 226.7, 512, and 1174.

93. PAGA provides that, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

94. Labor Code Section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a Section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows":

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and

(3) Wages recovered pursuant to this Section be paid to the affected employee.

95. Moreover, Labor Code Section 558(d) provides "[t]he civil penalties provided for in this Section are in addition to any civil or criminal penalty provided by law."

96.    Defendant, at all times relevant herein to this Complaint, was an employer or person acting on behalf of an employer(s) who violated Plaintiffs and other aggrieved employees' rights by violating various sections of the Labor Code as set forth above.

97.    Defendant has violated numerous provisions of both the Labor Code Sections regulating hours and days of work, as well as the applicable IWC Order.

98.    Pursuant to PAGA, and, in particular, Labor Code Sections 558, 2699(a), 2699.3, and 2699.5, Plaintiffs, acting in the public interest as private attorneys general, seek assessment and collection of civil penalties.

99.    Plaintiffs assert claims for themselves, all other aggrieved employees, and the State of California against Defendant, in addition to other remedies, for violations of Labor Code Sections 201, 202, 204, 206, 226, 226.7, 512, and 1174 and IWC Order No. 7-2001.

100.    Having satisfied the requirements of Labor Code § 2699.3, pursuant to Labor Code § 2699, Plaintiffs, on behalf of themselves, all other former and current employees and the public, hereby seek all civil penalties, including, but not limited to, penalties under Labor Code §§ 226, 226.3, 558, 1174.5, 1199, 2698, *et seq.* and IWC Order No. 7-2001, § 20, from Defendant in a representative action for the violations set forth above, including, but not limited to, violations of Labor Code §§ 201, 202, 204, 206, 226, 226.7, 512, 1174, and IWC Order No. 7-2001.

101.    Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment as follow:

(a)    Certification of the proposed Class;

(b)    Appointment of Plaintiffs as Class representatives, and Plaintiffs' counsel as Class counsel of the proposed Class;

(c)    Compensatory and other damages identified herein;

(d)    Awarding restitution of all monies due to Plaintiffs and the Class, as well as disgorged profits from the unfair and unlawful business practices of Defendant;

(e) Preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the Labor Code and the IWC Order, and from engaging in the unfair and unlawful business practices complained of herein;

(f) Statutory and civil penalties according to proof, including, but not limited to, all penalties authorized by Labor Code §§ 226, 226.3, 558, 1174.5, 1199, 2698, *et seq.*, and IWC Order No. 7-2001;

(g) Statutory pre-judgment and post-judgment interest on any amounts;

(h) Declaratory relief;

(i) Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

(j) Such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.

Date: November 2, 2018

SHEPHERD FINKELMAN MILLER
 & SHAH, LLP

/s/ Chiharu Sekino
Chiharu Sekino (SBN 306589)
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: 619-235-2416
Facsimile: 866-300-7367
Email: csekino@sfmslaw.com

James C. Shah (SBN 260435)
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
35 E. State St.
Media, PA 19063
Telephone: 610-891-9889
Facsimile: 866-300-7367
Email: jshah@sfmslaw.com

John F. Edgar (*pro hac vice* to be submitted)
Brendan McNeal (*pro hac vice* to be submitted)
EDGAR LAW FIRM LLC
1032 Pennsylvania Avenue
Kansas City, MO 64105
Telephone: 816-531-0033

Facsimile: 816-531-3322
Email:  jfe@edgarlawfirm.com
bmm@edgarlawfirm.com

*Attorneys for Plaintiffs and the Proposed Class*