Chiharu Sekino (SBN 306589)
csekino@sfmslaw.com
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

James C. Shah (SBN 260435)
jshah@sfmslaw.com
**SHEPHERD FINKELMAN MILLER & SHAH, LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9889
Facsimile: (866) 300-7367

Attorneys for Plaintiffs, GLORIA CAVES and TAMIM KABIR

[*Additional Counsel for Plaintiffs listed on signature page*]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>WALGREEN CO.,<br><br>          Defendant. | Case No. 2:18-cv-02910-MCE-DB<br><br>**PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:      Hon. Morrison C. England, Jr.<br>Hearing:    August 6, 2020<br>Time:       2:00 p.m.<br>Courtroom: 7, 14th Floor |

**TO:    THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs, Gloria Caves ("Caves") and Tamim Kabir ("Kabir") (together, "Plaintiffs"), individually and on behalf of all current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers at any time during the Class Period (the "Class"), hereby move the Court to grant Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion").  Defendant, Walgreen Co. ("Defendant" or "Walgreens"), does not oppose this Motion.  Hearing on this Motion will be held on August 6, 2020, at 2:00 p.m. in the Courtroom of the Honorable Morrison C. England, Jr., located at the United States District Court for the Eastern District of California, U.S. Courthouse, Courtroom 7 – 14nd Floor, 501 I Street, Sacramento, CA 95814.

Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(e) and seek an Order granting their Unopposed Motion for Preliminary Approval of Class Action Settlement.

The Motion is based on this Notice of Motion and Motion; the below Memorandum of Points and Authorities; the Declaration of James C. Shah ("Shah Decl.") and supporting exhibits; the pleadings, records, and papers on file in this action; and all other matters properly before this Court.

Plaintiffs move the Court to enter an Order that:

- Grants certification of the following proposed Settlement Class under Rule 23(b)(3):

  All current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers at any time during the Class Period.

  The Class shall exclude all Defendants.

- Preliminarily approves the proposed settlement as fair, reasonable and adequate;

- Directs Notice to be disseminated to Settlement Class Members in the form and manner proposed by the parties as set forth in the Settlement Agreement and exhibits thereto;

- Appoints Simpluris to serve as the Settlement Administrator; and

- Sets deadlines for Class Notice to be sent, objection deadlines, and a hearing date and schedule for final approval of the Settlement and consideration of Class Counsel's fee application.

Dated: June 22, 2020

/s/ Chiharu Sekino
Chiharu Sekino
Jaclyn Reinhart
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste. 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
         jreinhart@sfmslaw.com


*Attorneys for Plaintiffs and the Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.    INTRODUCTION AND PROCEDURAL HISTORY ............................................... 1

II.   THE PROPOSED SETTLEMENT ............................................................................ 2

    A.  Class Definition .................................................................................................. 2

    B.  Class Relief ........................................................................................................ 2

    C.  Settlement Administration .................................................................................. 4

    D.  Dissemination of Notice to the Class ................................................................ 4

    E.  Opportunity to Object and Opt Out ................................................................... 5

III.  THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS
    OF RULE 23 ............................................................................................................. 5

    A.  The Settlement Class Is Sufficiently Numerous ............................................... 6

    B.  There Are Common Questions Of Law And Fact .............................................. 7

    C.  The Representative Plaintiffs' Claims Are Typical ............................................ 7

    D.  The Representative Plaintiffs Have Fairly and Adequately Protected the
        Interests of The Settlement Class ...................................................................... 8

    E.  The Proposed Class Satisfies Rule 23(b)(3)'s Requirements ............................ 9

IV.   THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY
    APPROVAL ............................................................................................................ 10

    A.  Adequate Representation By Class Representatives And Class Counsel ......... 12

    B.  Arm's-Length Negotiations ............................................................................. 12

    C.  Adequate Relief for the Class .......................................................................... 13

    D.  The *Churchill* Factors Favor Preliminary Approval ...................................... 15

V.    THIS COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS
    COUNSEL ............................................................................................................... 18

VI.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE ......................... 19

    A.  The Proposed Methods for Providing Notice Meet the Requirements for
        Approval ........................................................................................................... 19

    B.  The Proposed Content of The Notice Meets the Requirements for Approval ... 19

1

2

CONCLUSION ................................................................................................................20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Frito-Lay, Inc.*,
  2018 WL 2088278 (N.D. Cal. May 4, 2018) ................................................ 17, 18

*Alaniz v. California Processors, Inc.*,
  73 F.R.D. 269 (N.D. Cal. 1976) ................................................................ 12

*Alba v. Papa John's USA, Inc.*,
  2007 WL 953849 (C.D. Cal. Feb. 7, 2007) ................................................ 15

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................ 6, 9

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
  133 S. Ct. 1184 (2013) .............................................................................. 9

*Bayat v. Bank of the West*,
  2015 WL 17443542 (N.D. Cal. Apr. 15, 2015) .......................................... 18

*Betancourt v. Advantage Human Resourcing, Inc.*,
  2016 WL 344532 (N.D. Cal. Jan. 28, 2016) .............................................. 17

*Brown v. Brewer*, CV 06-3731-GHK (SHx),
  2012 WL 12882380 (C.D. Cal. Jan. 18, 2012) ........................................... 14

*Butler v. Home Depot, Inc.*,
  1996 WL 421436 (N.D. Cal. Jan. 25, 1996) ................................................ 8

*Castro v. Paragon Indus., Inc.*,
  2020 WL 1984240 (E.D. Cal. Apr. 27, 2020) ............................................ 14

*Chao v. Aurora Loan Servs., LLC*,
  2014 WL 4421308 (N.D. Cal. Sept. 5, 2014) ............................................ 20

*Ching v. Siemens Indus., Inc.*,
  2014 WL 2926210 (N.D. Cal. June 27, 2014) ............................................ 15

*Chun-Hoon v. McKee Foods Corp.*,
  716 F. Supp. 2d 848 (2010) ....................................................................... 16

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ............................................................ 11, 19, 20

*Edwards v. City of Long Beach*,
  2011 WL 13180208 ................................................................................... 17

*Grannan v. Alliant Law Grp., P.C.*,
  2012 WL 216522 (N.D. Cal. Jan. 24, 2019) .............................................. 19

*Guifu Li v. A Perfect Franchise, Inc.,*
2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) ................................................................. 7

*Haley v. Medtronic, Inc.,*
169 F.R.D. 643 (C.D. Cal. 1996) ..................................................................................... 8

*Hanlon v. Chrysler Corporation,*
150 F.3d 1011 (1998) ...................................................................................................... 9

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1995) .......................................................................................... 7

*In re Bluetooth Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ........................................................................................ 12

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.,*
2019 WL 536661 (N.D. Cal. Feb. 11, 2019) .................................................................. 6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
2013 WL 12333442 (N.D. Cal. Jan. 8, 2013) ................................................................. 7

*In re MyFord Touch Consumer Litig.,*
2019 WL 1411510 (N.D. Cal. Mar. 28, 2019) ............................................................. 11

*In re NVIDIA Corp. Derivative Litig.,*
2008 WL 5382544 (N.D. Cal. Dec. 22, 2008) ............................................................. 10

*In re Omnivision,*
559 F.Supp. 2d 1036 (N.D. Cal. 2008) ............................................................. 14, 16, 17

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
148 F.3d 283 (3d Cir. 1998) ......................................................................................... 19

*Keele v. Wexler,*
149 F.3d 589 (9th Cir. 1998) .......................................................................................... 8

*Lilly v. Jamba Juice Co.,*
2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ......................................................... 10, 11

*Linner v. Cellular Alaska P'Ship,*
151 F.3d 1234 (9th Cir. 1998) ...................................................................................... 17

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
244 F.3d 1152 (9th Cir. 2001) ........................................................................................ 9

*Martin v. Sysco Corp.,*
2019 WL 3253878 (E.D. Cal. July 19, 2019) .............................................................. 14

*Miletak v. Allstate Ins. Co.,* No. C,
2010 WL 809579 (N.D. Cal. Mar. 5, 2010) .................................................................... 6

*Narouz v. Charter Commc'ns, LLC,*
591 F.3d 1261 (9th Cir. 2010) ...................................................................................... 10

*Nat'l Rural Telecomm. Corp. v. Directv, Inc.*,
   221 F.RD. 523 (C.D. Cal. 2004) ........................................................................... 16

*Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ........................................................................ 16, 17

*Ogbuehi v. Comcast of California/Colordo/Florida/Oregon, Inc.*,
   303 F.R.D. 337 (E.D. Cal. 2014) ......................................................................... 10

*Reyes v. Bakery and Confectionary Union and Indus. Int'l. Pension Fund*,
   2017 WL 7243239 (N.D. Cal. Jan. 23, 2017) ...................................................... 13

*Rieckborn v. Velti PLC*,
   2015 WL 468329 (N.D. Cal. Feb. 3, 2015) .......................................................... 14

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ............................................................................... 7

*Shepard v. Lowe's HIW, Inc.*,
   2013 WL 4488802 (N.D. Cal. Aug. 19, 2013) ....................................................... 7

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001) .................................................................................. 6

*Tierno v. Rite Aid Corp.*, No. C,
   2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) .................................................. 9, 15

*Vandervort v. Balboa Capital Corp.*,
   8 F. Supp. 3d 1200 (C.D. Cal. 2014) ................................................................... 15

*Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Li*ab. Litig.,
   229 F.Supp. 3d 1052 (N.D. Cal. 2017) ................................................................ 12

*Williams v. First Nat'l Bank*,
   216 U.S. 582 (1910) ............................................................................................ 10

**Statutes**

California Business and Professions Code Section 17200 ............................................... 1

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... 8

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.61 (2004) ........................................ 5, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs commenced this action on November 2, 2018, against Defendant, asserting claims for: (1) failure to provide required meal periods or pay missed meal period premiums; (2) failure to provide required rest periods or pay missed rest period premiums; (3) failure to pay all wages when due; (4) failure to provide accurate itemized wage statements; (5) failure to pay wages due and owing; (6) failure to pay overtime;[1] (7) breach of contract; (8) breach of implied covenant of good faith and fair dealing; (9) violation of California Business and Professions Code Section 17200; and (10) civil penalties under the Private Attorneys General Act ("PAGA") (ECF 1). Defendant filed its Answer to the Complaint on December 10, 2018 (ECF 10).  The Parties (defined below) met and conferred and filed a Joint Scheduling Report on January 20, 2019 (ECF 12) and negotiated and entered into a Stipulation and Proposed Protective Order, which was approved by this Court on March 20, 2019 (ECF 19).

In addition, the Plaintiffs and Defendant (collectively, the "Parties") completed a significant amount of fact discovery.  The Parties exchanged initial disclosures and served written discovery requests and responses, and Defendant produced close to 10,000 pages of documents. Both Plaintiffs were deposed in May 2019, and Defendant's corporate representative and two District Managers were deposed in November 2019.  Furthermore, Plaintiffs' counsel engaged in significant efforts in obtaining information from multiple Class members from around the state.

On September 10, 2019, the Court stayed the action pending the anticipated mediation. (ECF 23).  After completing additional discovery, including the production and review of data regarding the total number of Class Members, the number of current Class Members, the number of former Class Members, the Class Members' average annual salary during the Class Period, and

---

[1] Plaintiffs are filing an Amended Class Action Complaint contemporaneously herewith.

the number of Compensable Workweeks worked by the Class Members during the Class Period, on December 11, 2019, the Parties participated in an all-day mediation with Steven G. Pearl from ADR Services, Inc.  The mediation did not result in a settlement, but the Parties continued their settlement efforts with the assistance of the mediator.  The Parties also negotiated a proposed scheduling order for the case; however, the Parties' continued communications and negotiations led to a settlement, which the Parties reported to the Court on February 18, 2020 (ECF 27).

## II.   THE PROPOSED SETTLEMENT[2]

### A.   Class Definition

The Settlement Class is defined as: All current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA) at any time during the Class Period and who do not submit a timely and valid Request for Exclusion, as provided in this Agreement, or who did not previously release the Released Claims under a separate agreement.

### B.   Class Relief

**Settlement Fund.** Defendant has agreed to create a Maximum Settlement Fund ("Settlement Fund") in the amount of $6,000,000 to resolve Plaintiffs' claims.  The Settlement Fund will be used to pay the following: (1) the sum of the Individual Settlement Payments; (2) the Class Representative Enhancements, (3) the Class Counsel Award; (4) PAGA Payment; and (5) the Settlement Administration Costs.[3]  (*See* Shah Decl ¶ 3, at Ex. 1, Section III.A.)

---

[2] The Settlement Agreement is attached as Exhibit 1 to the Shah Decl. in support of the Motion, and incorporated herein by reference.  To the extent any capitalized terms in this Motion are not defined herein, these terms will have the meaning ascribed to them in the Settlement Agreement.

[3] If the Court grants Final Approval of the Settlement Agreement, the Settlement Class will be deemed to have released Defendant from all claims as described in Section III.C of the Settlement Agreement.  (See Shah Decl. ¶ 3, Ex. 1, Section III.C.)  The claims released as part of the Settlement as set forth in Section III.C of the Settlement Agreement are, in essence, any actual or potential claims that were or could have been asserted in the Action related to the conduct alleged in the Complaint.

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

**<u>Distribution of Settlement Funds to Class Members</u>**.   As set forth in the Settlement Agreement, using the Class Data, the Settlement Administrator will calculate the total Compensable Workweeks for all Settlement Class Members by adding the number of Compensable Workweeks for each Settlement Class Member during the Class Period.  The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio. Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's estimated Individual Settlement Payments. (*See* Shah Decl. ¶ 3, at Ex. 1, Section III.M & N.)

**<u>Payment of Class Representative Enhancements.</u>**  Plaintiffs will ask the Court to approve Class Representative Enhancements of up to $10,000 to be paid out of the Settlement Fund to compensate Plaintiffs for their time and effort serving as Class Representatives.  Plaintiffs have actively participated in the litigation and assisted Class Counsel in drafting the complaint and other documents, consulted with Class Counsel as needed, answered discovery requests, participated in settlement discussions, and were deposed.  (*Id*. ¶¶ 3, Ex. 1, Section III.N.2; 6).

**<u>Payment of Attorneys' Fees, Costs and Expenses.</u>**  At Final Approval, Class Counsel will seek approval of an award of attorneys' fees of up to $1,500,000 (*i.e.*, 25% of the Settlement Fund), and for reimbursement of expenses in an amount not to exceed $55,000, to be paid out of the Settlement Fund.  (Shah Decl. ¶ 3, Ex. 1, Section III.N.3.)  The requested fees comport with the benchmark for percentage of a common fund awards in this District, and are also reasonable in light of Class Counsel's lodestar (resulting in a multiplier of less than two).  (Shah Decl. ¶ 9.)

**<u>PAGA Payment.</u>**  Fifty Thousand Dollars ($50,000.00) will be allocated from the Maximum Settlement Fund for settlement of claims for civil penalties under the PAGA.  The

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

3

Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or

$37,500.00, to the California Labor and Workforce Development Agency and twenty-five percent

(25%) of the PAGA Payment, or $12,500.00, will be part of the Net Settlement Amount and

distributed to Settlement Class Members pursuant to the Settlement Agreement.  (Shah Decl. ¶ 3,

Ex. 1, Section III.N.4.).

**Any Uncashed Checks Will Be Distributed to the Settlement Fund.**  After the payments

have been issued, any amount remaining in the Settlement Fund from checks not cashed after 180

days will be distributed back to the Settlement Fund to be transmitted to *cy pres* of National

Association of Minority and Women Owned Law Firms, subject to Court approval.  (*See* Shah

Decl. ¶ 3, Ex. 1, Section III.N.1.d.)  There will be no reversion to Defendant.

**C.     Settlement Administration**

The Settlement Administrator, which Class Counsel selected and the Parties have agreed

upon, subject to Court approval is Simpluris ("Simpluris" or "Administrator").  Simpluris has

extensive experience administering class action settlements, including a number of complex wage

and hour class action settlements, in an efficient and effective manner.  (Shah Decl. ¶ 18.)

Simpluris will be responsible for providing Notice to the Class as described below and for

maintaining the Settlement Website, which will provide information regarding the Settlement, as

well as a toll-free telephone number to which Class Members can direct questions.  (*Id*., ¶ 3, Ex. 1,

Section III.M.)  The Administrator will provide an accounting of expenditures made in connection

with the Settlement, and provide any reasonable information requested by the Parties.  (*Id.*, at

Section III.M.)

**D.     Dissemination of Notice to the Class**

Within thirty (30) days of the entry of the Preliminary Approval Order, the Settlement

Administrator shall provide Notice of the Settlement to Class Members by first-class mail and

shall publish the Settlement Website, as well as establish a toll-free telephone number to which

Class Members can direct questions about the Settlement.   (Shah Decl. ¶ 3, Ex. 1, Section III.M.)

Defendant shall provide necessary information to the Settlement Administrator so that it may

effectuate Notice and distribute the Settlement Funds.  (*Id*. ¶ 3, Ex. 1, Section III.M.1.)  The

Settlement Administrator shall update mailing addresses before mailing (with all returned mail

skip-traced and promptly re-mailed).  (*Id.*, Ex. 1, Section III.M.3 and III.M.4.)

### E.    Opportunity to Object and Opt Out

Class Members shall be permitted to object to the Settlement and/or Plaintiffs'

forthcoming Motion for Attorneys' Fees and Expenses.  The Class Notice provides instructions

and requirements for a Class Member who wishes to opt out of or file written objections to the

Settlement, which must be done on or before forty-five (45) days from the Notice Date.  (*Id.*, at

Section I.AA. and III.M.7-9.)

## **LEGAL ARGUMENT**

### III.    THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23

This Court should preliminarily certify the proposed Settlement Class for the purpose of

settlement because it meets all applicable requirements of Federal Rule of Civil Procedure 23(a),

and (b)(3).  Under Fed. R. Civ. P. 23(e), "claims, issues, or defenses of . . . a class proposed to be

certified for purposes of settlement . . . may be settled . . . only with the court's approval."  *Id.*

Court approval of class action settlements occurs in three steps: (1) preliminary approval of the

proposed settlement, including (if the class has not already been certified) conditional certification

of the class for settlement purposes; (2) notice to the class providing them with an opportunity to

object or exclude themselves from the settlement; and (3) a final fairness hearing concerning the

fairness, adequacy, and reasonableness of the settlement.  *See* Fed. R. Civ. P. 23(e); Manual for

Complex Litigation § 21.632 (4th ed. 2004).

1    This Court should preliminarily certify the proposed Settlement Class because it meets all

2    applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).  *See* Fed. R. Civ. P.

3    23(e); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 620 (1997) ("Confronted with a

4    request for settlement-only class certification, a district court need not inquire whether the case, if

5    tried, would present intractable management problems . . . for the proposal is that there be no trial.

6    But other specifications of the rule . . . demand undiluted . . . attention in the settlement context.").

7    In order to earn court approval to send notice to the class, the parties must provide "sufficient"

8

9    information for the court to determine that it will "likely" be able to (1) certify the class for

10    purposes of judgment, and (2) approve the settlement. Fed. R. Civ. P. 23(e)(1)(B).  In other

11    words, when a court is presented with a motion for preliminary approval of a class action

12    settlement, it must first evaluate whether certification of a settlement class is appropriate under

13    Federal Rules of Civil Procedure 23(a) and (b), and then determine whether the settlement is

14    fundamentally fair, adequate, and reasonable.  *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg.,*

15    *Sales Practices, & Prod. Liab. Litig.*, No. 17-MD-02777- EMC, 2019 WL 536661, at *5 (N.D.

16    Cal. Feb. 11, 2019).

17

18    **A.    The Settlement Class is Sufficiently Numerous**

19    The proposed Settlement Class of over 900 members satisfies Rule 23(a)'s numerosity

20    requirement. (Shah Decl. ¶ 5.)   "[G]enerally if the named plaintiff demonstrates that the potential

21    number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Miletak v. Allstate*

22    *Ins. Co.*, No. C 06-03778 JW, 2010 WL 809579, at *10 (N.D. Cal. Mar. 5, 2010) (citing *Stewart v.*

23    *Abraham*, 275 F.3d 220, 227 (3d Cir. 2001)).[4]

24

25

26

27

28    ---
[4] The proposed Settlement Class is ascertainable in that its members can and will be identified and located using information contained in Defendant's payroll and personnel records.

**B.      There Are Common Questions of Law and Fact**

The proposed Settlement Class also satisfies Rule 23(a)'s commonality requirement for settlement purposes.  "[A] finding of commonality does not require that all class members share identical claims."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, 2013 WL 12333442, at *45 (N.D. Cal. Jan. 8, 2013) (citation and quotation marks omitted).  "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1112 (9th Cir. 2010) ("The existence of shared legal issues with divergent factual predicates is sufficient.").  Courts in this Circuit have held that whether workers are properly classified as employees or independent contractors is, by itself, a factual and legal issue that is common and predominating.  *See Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) ("District Courts throughout this circuit have found that commonality is met when the proposed class of plaintiffs asserts that class members were improperly classified as independent contractors instead of employees."); *see also Shepard v. Lowe's HIW, Inc.,* Case No. C 12-3893 JSW, 2013 WL 4488802, *4-5 (N.D. Cal. Aug. 19, 2013).

Here, the common questions of law among the Class Members include: whether Defendant's policies mischaracterized Store Managers as exempt employees; whether Defendant employed policies and/or practices to avoid providing meal and rest periods; and whether Defendant's policies and practices violate California' labor law statutes and common law.  Thus, the proposed Settlement Class satisfies the commonality requirement.

**C.      The Representative Plaintiffs' Claims Are Typical**

"The purpose of [Rule 23(a)(3)'s] typicality requirement is to assure that the interest of the named representative aligns with the interests of the class."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1995).  "A plaintiff's claim is typical if it arises from the same event or

practice or course of conduct that gives rise to the claims of other class members and his or her

claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (9th Cir. 1998).

Specifically, Plaintiffs "must be part of the class and possess the same interest and suffer the same

injury as the class members." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996).

Here, Plaintiffs are part of the class because they were Store Managers who worked in California

and were classified as exempt, salaried employees during the Class Period.  As a result of

Defendant's polices and/or practices, Plaintiffs suffered the same injury as other Class Members

because they did not receive certain wages and benefits to which they were entitled.  Plaintiffs

assert the same legal claims on behalf of themselves and the proposed Settlement Class and satisfy

the typicality requirements.

> **D.     The Representative Plaintiffs Have Fairly and Adequately Protected the Interests of The Settlement Class**

A representative plaintiff must "fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a)(4).  The adequacy prong is satisfied when "the representative party's attorney

[is] qualified, experienced and generally able to conduct the litigation; and [] the suit [is] not

collusive and that the representative plaintiffs' interests [are] not antagonistic to those of the

remainder of the class." *Butler v. Home Depot, Inc.*, No. C-94-4335 SI, 1996 WL 421436, at *3

(N.D. Cal. Jan. 25, 1996).

Here, Plaintiffs and the Class share common interests with respect to seeking proper

compensation for the time worked and Plaintiffs have no interests that are antagonistic to the

Class.  Plaintiffs have actively participated in the litigation and were both deposed.  (Shah Decl. ¶

6.)  Further, Class Counsel are experienced in class action litigation, including in wage and hour

class actions, are familiar with the legal and factual issues involved, and are highly qualified.  (*Id.*

¶ 7, Exhibits 2 (Shepherd, Finkelman, Miller & Shah, LLP) and 3 (Edgar Law Firm LLC).)

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

8

1    **E.    The Proposed Class Satisfies Rule 23(b)(3)'s Requirements**

2    "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently

3    cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623

4    (1997); *see Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013). The

5    Ninth Circuit has held repeatedly that "[w]hen common questions present a significant aspect of the

6    case and they can be resolved for all members of the class in a single adjudication, there is clear

7    justification for handling the dispute on a representative rather than on an individual basis." *Local*

8    *Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162

9    (9th Cir. 2001) (quoting *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1022 (1998)).

10   The proposed Settlement Class satisfies Rule 23(b)(3)'s requirements for settlement

11   purposes and is similar to many cases where certification was granted in similar contexts.  (Shah

12   Decl. ¶ 8.)  In *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2006 WL 2535056, at *1 (N.D. Cal.

13   Aug. 31, 2006), a nearly identical case, the court found that common questions predominated

14   because the company was a chain store "designed to ensure that all Store Managers perform[ed]

15   the same or substantially similar tasks in a similar manner . . . that Store Managers perform[ed]

16   essentially the same tasks at each store . . . that [the company] foster[ed] homogeneity in the Store

17   Manager's job duties, and the manner in which they were performed."  2006 WL 2535056, at *5.

18   Further, whether Defendant's policies mischaracterized Store Managers as exempt employees is a

19   predominating question that can be answered in the same way for all Class Members here.

20   Defendant is a chain store that was designed to ensure all Store Managers throughout the state

21   were performing the same or substantially similar tasks in a similar manner.  Thus, it is clear that

22   the proposed Settlement Class meets the requirements of Fed.R.Civ.P. 23(b)(3).[5]

[5] Plaintiffs note that there is one difference between the Settlement Class sought to be certified and the class proposed in the original complaint, that is the inclusion of a claim for failure to pay overtime wages due Class Members under the California Labor Code and applicable Wage Orders,

1

2

**IV.    THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL**

3

        Plaintiffs respectfully request that this Court preliminarily approve the Settlement

4

Agreement, appoint Plaintiffs' counsel as Class Counsel, and authorize the issuance of Notice to

5

Settlement Class Members. Settlement spares litigants the uncertainty, delay and expense of a

6

trial, and reduces the burden on judicial resources.  As a result, "[c]ompromises of disputed claims

7

are favored by the courts."  *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910).  "There is a

8

strong policy favoring compromises that resolve litigation, and case law in the Ninth Circuit

9

reflects that strong policy."  *In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS),

10

2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008) (citations omitted).

11

        "Review of a proposed class action settlement generally involves two hearings."  *Ogbuehi*

12

*v. Comcast of California/Colordo/Florida/Oregon, Inc.*, 303 F.R.D. 337, 344 (E.D. Cal. 2014).

13

First, parties submit the terms of the settlement to the court and "[t]he judge must make a

14

preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms

15

and must direct the preparation of notice of the certification, proposed settlement, and the date of

16

the final fairness hearing."  Manual for Complex Litigation (Fourth) § 21.61 (2004).  After the

17

preliminary approval and notice to the Class, the Court conducts a final approval hearing

18

regarding the proposd settlement.  *Id.*; *see also Narouz v. Charter Commc'ns, LLC*, 591 F.3d

19

1261, 1267 (9th Cir. 2010).

20

        At preliminary approval, the Court determines whether the proposed settlement appears to

21

be reasonable and within the range of what is fair.  *See Lilly v. Jamba Juice Co.*, No. 13-cv-02998,

22

2015 WL 1248027, at *6 (N.D. Cal. Mar. 18, 2015) (at this stage, a Court must "determine

23

whether the settlement falls 'within the range of possible approval'") (citations and quotations

24

25

26

27

28

_____

which is part of the Amended Complaint, filed herewith.

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND
APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

omitted). "Preliminary approval of a settlement is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Id.* (citation and quotation omitted).

Under Rule 23(e), in weighing a grant of preliminary approval, district courts must determine whether "giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i–ii). Because Rule 23(e)(2) sets forth the factors that a court must consider when weighing final approval, courts must assess, at the preliminary approval stage, whether the parties have shown that the court will likely find that the factors weigh in favor of final settlement approval.

The amended Rule 23(e)(2) requires courts to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *5 (N.D. Cal. Mar. 28, 2019). Additionally, courts in this Circuit traditionally consider eight factors to assist in weighing final approval and determining whether a settlement is substantively fair, reasonable, and adequate. These factors are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Further, when settlements

are negotiated prior to class certification, "courts must evaluate the settlement for evidence of collusion" among the negotiating parties. *In re. Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 229 F.Supp. 3d 1052, 1064 (N.D. Cal. 2017) (citing *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). The discussion of the Rule 23(e) considerations will inevitably touch on several of the above-listed factors, including the risk, expense, complexity, and likely duration of further litigation; however, the relevant factors and Rule 23(e)(2) weigh in favor of the Settlement proposed here. The proposed Settlement Agreement is fair, adequate, and reasonable and is not the product of any collusion. Therefore, this Court should preliminarily approve the Settlement and certify the Settlement Class.

### A. Adequate Representation by Class Representatives and Class Counsel

The adequacy inquiry looks to whether "the interests of the class representatives are antagonistic to those of the class and whether counsel for the named plaintiffs possess the requisite ability and expertise to conduct the litigation." *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 276 (N.D. Cal. 1976). Plaintiffs have no antagonistic interests, have participated in discovery and depositions, and assisted counsel and diligently represented the Class. (Shah Decl. ¶ 6.) Class Counsel have investigated the action, reviewed significant discovery and conducted depositions, worked with experts, mediated, and negotiated the Settlement with Defendant. (*Id.*, ¶¶ 7, 9-10.) Moreover, Class Counsel are highly experienced class action practitioners. (*Id.*, ¶ 7, Exs. 2, 3 [Firm Resumes].) As such, the Court should deem the representation to be adequate at this procedural stage and the requirements of Fed. R. Civ. P. 23(e)(2)(A) as satisfied.

### B. Arm's-Length Negotiations

Here, the Settlement Agreement represents the culmination of intensive arm's-length and good faith negotiations with the assistance of the mediator, whom the Parties met with and had numerous teleconferences. (*Id.*, ¶¶ 11, 16.) Both Parties were represented in the Settlement

negotiations by a team of attorneys with considerable experience in wage and hour litigation.  (*Id.*, ¶¶ 10-11.)  The Parties formally utilized the mediator to assist with reaching an agreement, which further establishes the non-collusive nature of this Settlement.  *See generally Reyes v. Bakery and Confectionary Union and Indus. Int'l. Pension Fund*, No. 14-cv-05596-JST, 2017 WL 7243239, at *5 (N.D. Cal. Jan. 23, 2017) (finding settlement non-collusive when parties engaged in motion practice met before a neutral mediator);  (Shah Decl. ¶ 11.)  Accordingly, this factor weighs in favor of granting final approval and the Fed. R. Civ .P. 23(e)(2)(B) requirements are also satisfied.

C.      **Adequate Relief for the Class**

In assessing whether a proposed settlement provides adequate relief under Rule 23(e)(2)(C), the Court must consider: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

While the Parties here each believe that they would ultimately prevail, they recognize the risks associated with complex litigation.  This litigation involves complex factual and legal issues under California's wage and hour laws.  The Parties have aggressively litigated the case and were fully aware of the risks of litigation and the complex issues involved, making this Settlement reasonable and a fair result under the circumstances.  Moreover, there was a substantial likelihood of appeal from any final judgment.  A certain result for Class Members now, rather than a possibly larger, but contingent one at some indefinite time in the future, weighs in favor of approval of the Settlement.

The next factor looks at the method of distributing relief to class members.  Fed. R. Civ. P. 23(e)(2)(C)(ii).  "Approval of a plan of allocation of settlement proceeds in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the

1 plan must be fair, reasonable and adequate.  It is reasonable to allocate the settlement funds to

2 class members based on the extent of their injuries or the strength of their claims on the merits."

3 *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015)

4 (citing *In re Omnivision*, 559 F.Supp. 2d 1036, 1045 (N.D. Cal. 2008)); *Brown v. Brewer*, CV 06-

5 3731-GHK (SHx), 2012 WL 12882380, at *1 (C.D. Cal. Jan. 18, 2012) (citation omitted))

6 (numerous courts held allocation plan need not be perfect).

7 

8          The proposed formula for allocation is straightforward and fair to all Class Members.

9 Using the Class data, which includes objective criteria - the number of Compensable Workweeks

10 for all Settlement Class Members - the Administrator adds up the number of Compensable

11 Workweeks for each Settlement Class Member during the Class Period.  The respective

12 Compensable Workweeks for each Settlement Class Member will be divided by the total

13 Compensable Workweeks for all of the Settlement Class Members, resulting in the Payment Ratio

14 for each Settlement Class Member.  The Payment Ratio will then be multiplied by the Net

15 Settlement Amount to calculate each estimated Individual Settlement Payment.  Thus, the

16 proposed method of allocation is fair and undemanding, and Class Members will readily receive

17 the benefits of the Settlement.

18          The next factor is the terms of any attorneys' fee award.  Class Counsel will seek approval

19 from the Court of their attorneys' fees not to exceed $1,500,000 and litigation costs and expenses

20 advanced by Class Counsel during this litigation up to the amount of $55,000.  Additionally, Class

21 Counsel will request Class Representative Enhancements for Plaintiffs up to $10,000 each, subject

22 to Court approval.[6]  (Shah Decl. ¶ 3, Ex. 1, Section III.N.2-3.)  Class Counsel's request for a fee of

---

[6] This Court frequently provides for incentive awards to compensate class representatives. *See e.g. Castro v. Paragon Indus., Inc.,* No. 119-CV-00755-DAD-SKO, 2020 WL 1984240, at *17 (E.D. Cal. Apr. 27, 2020) (providing for incentive award of $15,000); *Martin v. Sysco Corp.*, No. 116-CV-00990-DAD-SAB, 2019 WL 3253878, at *8 (E.D. Cal. July 19, 2019) (approving incentive award to named plaintiff of $7,500).

up to 25% of the total common fund, a percentage that falls within established Ninth Circuit precedent, is reasonable in light of the facts and circumstances of the case, including, among other things, the results achieved, the skill and quality of work, the contingent nature of the fee, and the time and expenses devoted to this engagement to achieve the result obtained and awards made in similar cases.  (*Id.*, ¶ 9.);  *See, e.g.*, *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (finding "33% award of fees and costs is warranted . . . given the length of the case and the issues involved"); *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *8 (N.D. Cal. June 27, 2014) (finding "the request for attorneys' fees in the amount of 30% of the common fund falls within the range of acceptable attorneys' fees in Ninth Circuit cases").

Consideration of the next Rule 23(e)(2) factor, that Class Members are treated equitably, "could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment.  As set forth above, Class Members will be treated equitably as the disbursement of the Settlement Amount will be done on a pro-rata basis using the agreed formula based on the number of Compensable Workweeks.  (*see id.*, ¶ 22.)

**D.    The *Churchill* Factors Favor Preliminary Approval**

The applicable *Churchill* factors considered by courts in this Circuit also favor preliminary approval.[7]

---

[7] Several of the factors are not relevant to the analysis.  The third factor, the risk of maintaining class action status throughout the trial, is not pertinent here because this case is only a class action for purposes of administering the Settlement.  However, claims involving wages are frequently certified as class actions.  *See e.g., Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2006 WL 2535056, at *1 (N.D. Cal. Aug. 31, 2006) (granting class certification in a case where plaintiff alleged that Rite Aid Store Managers were misclassified as exempt); *Alba v. Papa John's USA, Inc.*, No. CV 05-7487 GAF (CTX), 2007 WL 953849, at *4 (C.D. Cal. Feb. 7, 2007) (certifying a class where plaintiff alleged that store managers were misclassified as exempt employees).  The seventh factor, the presence of a governmental participant, is not applicable here because there is no governmental entity involved as a litigant in this case.  Finally, the eighth factor, the reaction of

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

15

Strength of Plaintiffs' Case.  There are "barriers plaintiffs must overcome in making their case*." Chun-Hoon v. Mckee Foods Corp.*, 716 F. Supp. 2d 848, 851 (2010).  Plaintiffs believe their claims are meritorious, but also recognize the uncertainty that comes with class certification and trial, as well as a substantial risk of loss on the merits.  Moreover, even if the Court entered judgment in Plaintiffs' favor, it could be overturned on appeal.  As a result, the first factor favors settlement.

The Risk, Expense, Complexity, and Likely Duration of Further Litigation.  "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  *Nat'l Rural Telecomm. Corp. v. Directv, Inc.*, 221 F.RD. 523, 527 (C.D. Cal. 2004).  The case was in the discovery stage, so there was the potential for substantial further litigation, including class certification proceedings, summary judgment, motions related to experts, motions *in limine* and trial and post-trial motions, as well as a likely appeal.  "[I]t is the very uncertainty of outcome in litigation and avoidance of wastefulness and expensive litigation that induce consensual settlements."  *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Even though the Parties were prepared to go to trial, considering the reality of a likely appeal, "it could be years before Plaintiffs see a dollar."  *In re Omnivision*, 559 F. Supp. 2d at 1042.  As such, this factor favors approval of the Settlement.

The Settlement Amount.  The amount of the Settlement is a strong achievement, especially given the uncertainty of the outcome at trial.  The Settlement Amount of $6,000,000 will provide significant monetary benefits to Class Members.  Here, based on the number of Compensable Workweeks, Class Member are anticipated to receive at least an average of $4,700, a substantial

---

the Class Members to the proposed Settlement, is not relevant because the Settlement has not yet been proposed to the Members of the Class.

amount which represents an excellent result. (Shah Decl. ¶ 22.)   In evaluating the amount of a settlement, "the Court may compare the settlement amount to the parties' estimates of the maximum amount of damages recoverable in a successful litigation." *Betancourt v. Advantage Human Resourcing, Inc.*, 2016 WL 344532, at *5 (N.D. Cal. Jan. 28, 2016).  However, "'[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.'  Plaintiffs here have agreed to accept a smaller certain award rather than seek the full recovery but risk getting nothing." *In re Omnivision*, 559 F. Supp. 2d at 1042 (citing *Officers for Justice*, 688 F.2d at 628).  In light of the foregoing, the Settlement Amount, considering the uncertainty of trial and the difficulty of attaining maximum damages even with a successful result, favors approval of the Settlement.  *See Edwards v. City of Long Beach*, 2011 WL 13180208, at *3, n. 5 (C.D. Cal. Oct. 31, 2011) ("[t]he reasonableness of a settlement is not dependent upon it approaching the potential recovery plaintiffs might receive if successful at trial").

The Extent of Discovery Completed and Stage of the Proceedings.  This factor analyzes whether "the parties have sufficient information to make an informed decision about settlement." *Linner v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, extensive discovery was completed, as the Parties took key depositions and exchanged numerous documents both before and in connection with the mediation.  (Shah Decl. ¶¶ 7, 12-15.)  *See Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *9 (N.D. Cal. May 4, 2018) (finding this factor favored approval of a settlement when the parties "participated in several rounds of discovery production and two rounds of mediation").  This factor clearly favors approval of the Settlement Agreement.

The Experience and Views of Counsel.  Class Counsel and counsel for Defendant both support the Settlement Agreement.  *See In re Omnivision*, 559 F. Supp. 2d at 1043 (holding "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness").

Counsel for both Plaintiffs and Defendant have experience litigating wage and hour claims, and their knowledge regarding the merits of the case is strong considering the extensive discovery conducted and the number of issues contested in this case.  Furthermore, Class Counsel have litigated a number of class action cases and reached approved settlement agreements in many of them.  (Shah Decl. ¶¶ 7, 10); *see Acosta*, 2018 WL 2088278, at *9 (giving value to opinion of counsel who had been named class counsel in 23 class actions).  Moreover, Class Counsel have tried wage and hour and other class action cases and understand the possibilities of recoveries and risks associated with such trials.  (Shah Decl. ¶ 10.)

The Clearly Non-Collusive Nature of the Settlement.  Finally, the Settlement is clearly the result of litigation and arm's-length negotiations between experienced counsel for all Parties.  The Parties utilized a respected mediator, and there is absolutely no concern of collusion in this case since, as explained above, "class counsel are not slated to receive a disproportionate distribution of the settlement." *Bayat v. Bank of the West*, 2015 WL 17443542, at *7 (N.D. Cal. Apr. 15, 2015) (citation omitted).  Also, "because any attorneys' fees award will come out of the common fund, there is no 'clear sailing' agreement here that would warrant against settlement approval." *Id.* This Agreement is the result of negotiations after hard-fought litigation, and there should be no concern of collusion.

## V.    THIS COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Rule 23(c)(1)(B) states that an order certifying a class action "must appoint class counsel under Rule 23(g)."  The Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  As described above and in the Shah Decl., Class Counsel have

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

18

considerable experience in litigating complex class actions, including wage and hour class actions and is willing to, and does, take class actions to trial when a reasonable resolution cannot be reached. (Shah Decl. ¶¶ 7-11.) The work performed by Plaintiffs' counsel in this matter, as well as their substantial experience, provides more than ample basis for finding that they satisfy each applicable criterion under Rule 23(g) and are well qualified to be appointed Class Counsel. (*Id.*)

## VI.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE

The Parties also seek this Court's approval of the Notice procedures set out in the Settlement and in the Shah Dec. The Settlement Administrator will send individualized, direct notice by first class mail to Members of the Settlement Class. (Shah Decl. ¶ 3, at Ex. 1, Section III.M.) The manner in which this Notice is disseminated, as well as its content, satisfies Rules 23(c)(2) and Rule 23(e)(1) and due process. *See Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522, at *3 (N.D. Cal. Jan. 24, 2019). "The combination of reasonable notice, the opportunity to be heard and the opportunity to withdraw from the class satisfy the due process requirements of the Fifth Amendment." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998).

### A.   The Proposed Methods for Providing Notice Meet the Requirements for Approval

The Parties propose that the Settlement Administrator mail individual Notice to each Class Member. (Shah Decl. ¶ 3, at Ex. 1, Section III.M.) Further, the Parties propose that the Settlement Administrator publish Notice on a dedicated website. (*Id.*) These proposed methods of providing notice fully satisfy Rule 23(c), Rule 23(e), and due process.

### B.   The Proposed Content of the Notice Meets the Requirements for Approval

The proposed content of the Notice satisfies both Rule 23 and due process. "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill*, 361 F.3d

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

19

at 575 (citation omitted).  The proposed Notice meets these requirements.  (Shah Decl. ¶¶ 18-23.)

The proposed mail and website notice is written in plain English and describes: (1) the nature of

the claims in the case; (2) a description of the Settlement Class; (3) a description of the Settlement

and the relief to be provided; (4) the consequences of opting out or remaining in the Class; (5)

how to get more information about the Settlement, the lawyers and parties involved; (6) the

amounts of fees and costs requested; and (7) the procedures to follow to object or opt out.  (*Id*., ¶

19.). The Notice will include the deadline to object to the Settlement, and the date of the Fairness

Hearing.  (*Id.*, ¶ 20.)  The Notice also states that Class Members can enter an appearance through

counsel if desired.  (*Id.*)  Finally, the Notice will be individualized by including the Compensable

Workweeks for both the individual Settlement Class Member as well as the entire Class, and the

estimated amount of their Individual Settlement Payment.  (*Id.*, ¶ 22.)  Accordingly, the contents

of the Notice meet all requirements and fully apprises Class Members about their options.  *See*

*Chao v. Aurora Loan Servs., LLC*, 2014 WL 4421308, at *6 (N.D. Cal. Sept. 5, 2014).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask this Court to: (1) certify the proposed

Settlement Class: (2) preliminarily approve the Settlement submitted herein; (3) appoint Plaintiffs

as Class Representatives and their counsel as Class Counsel; and (4) approve the Notice to be

issued to the Settlement Class and Notice plan related thereto.

Dated: June 22, 2020                     */s/ Chiharu Sekino*
                                          Chiharu Sekino
                                          Jaclyn Reinhart
                                          SHEPHERD FINKELMAN MILLER
                                           & SHAH, LLP
                                          1230 Columbia St., Ste 1140
                                          San Diego, CA 92101
                                          Telephone: (619) 235-2416
                                          Facsimile: (866) 300-7367
                                          Email: csekino@sfmslaw.com
                                                  jreinhart@sfmslaw.com

1
2

James C. Shah
Michael P. Ols
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
        mols@sfmslaw.com

3
4
5
6
7

John F. Edgar
Brendan McNeal
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: 816-531-0033
Facsimile: 816-531-3322
Email:  jfe@edgarlawfirm.com
        bmm@edgarlawfirm.com

8
9
10
11
12
13

*Attorneys for Plaintiffs and the Class*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 22, 2020, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Chiharu Sekino*
Chiharu Sekino
Shepherd Finkelman Miller
 & Shah, LLP