# Exhibit A

1  Chiharu Sekino (SBN 306589)
2  csekino@sfmslaw.com
   **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
3  1230 Columbia Street, Suite 1140
4  San Diego, CA 92101
   Telephone:  (619) 235-2416
5  Facsimile:   (866) 300-7367

6
7  Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR

8  James C. Shah (SBN 260435)
9  jshah@sfmslaw.com
   **SHEPHERD FINKELMAN MILLER & SHAH, LLP**
10 1845 Walnut Street, Suite 806
   Philadelphia, PA 19103
11 Telephone:  (610) 891-9889
12 Facsimile:   (866) 300-7367

13 Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR

14 [*Additional Counsel for Plaintiffs and Counsel for Defendant listed on the next*
15 *page*]

16

17            **UNITED STATES DISTRICT COURT**

18 **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

19

20 GLORIA CAVES and TAMIM              Case No. 2:18-cv-02910-MCE-DB
   KABIR, On Behalf of Themselves and
21 All Others Similarly Situated,       **STIPULATION OF CLASS ACTION**
                                        **SETTLEMENT AND RELEASE OF**
22                    Plaintiffs,       **CLAIMS**

23            v.                        Hon. Morrison C. England, Jr.

24 WALGREEN CO.,

25                    Defendant.

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

---

1   John F. Edgar (*pro hac vice* to be submitted)
2   jfe@edgarlawfirm.com
    Brendan McNeal (*pro hac vice* to be submitted)
3   bmm@edgarlawfirm.com
4   **EDGAR LAW FIRM LLC**
    2600 Grand Boulevard
5   Kansas City, MO 64108
    Telephone:  (816) 531-0033
6   Facsimile:   (816) 531-3322
7
8   Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR

9   Allison C. Eckstrom, California Bar No. 217255
10  allison.eckstrom@bclplaw.com
    Christopher J. Archibald, California Bar No. 253075
11  christopher.archibald@bclplaw.com
12  **BRYAN CAVE LEIGHTON PAISNER LLP**
    3161 Michelson Drive, Suite 1500
13  Irvine, CA  92612-4414
    Telephone:  (949) 223-7000
14  Facsimile:   (949) 223-7100
15
    Attorneys for Defendant
16  WALGREEN CO.
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
602012913.1

1    This Stipulation of Class Action Settlement and Release of Claims is entered
2    into by and between Plaintiffs Gloria Caves and Tamim Kabir, individually and on
3    behalf of the Settlement Class, and Defendant Walgreen Co.

4    **I.    DEFINITIONS**

5         A.    "Agreement" or "Settlement" means this Stipulation of Class Action
6    Settlement and Release of Claims.

7         B.    "Action" means the lawsuit, entitled *Gloria Caves, et al. v. Walgreen*
8    *Co.*, filed on November 2, 2018 in the United States District Court for the Eastern
9    District of California (Case No. 2:18-cv-02910-MCE-DB).

10        C.    "Class" or "Class Members" means all current and former employees
11   who work/worked for Walgreens in the State of California as exempt Store Managers
12   (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and
13   MGRSA) at any time during the Class Period.

14        D.    "Class Counsel" means Shepherd, Finkelman, Miller & Shah, LLP and
15   Edgar Law Firm LLC.

16        E.    "Class Counsel Award" means attorneys' fees for Class Counsels'
17   litigation and resolution of this Action and their expenses and costs incurred in
18   connection with the Action, paid from the Maximum Settlement Fund.

19        F.    "Class Data" means information regarding Class Members that
20   Defendant will, in good faith, compile from its records and provide to the Settlement
21   Administrator.   It shall be formatted as a Microsoft Excel spreadsheet and shall
22   include the following information for each Class Member:    (1) employee
23   identification number; (2) full name; (3) last known address; (4) last known home
24   telephone number; (5) Social Security number; and (6) and the number of weeks each
25   Class Member worked during the Class Period.

26        G.    "Class Period" means the period from October 16, 2014 through the
27   Preliminary Approval Date.

28        H.    "Class Representative Enhancements" means the amount that the Court

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

2

authorizes to be paid to Plaintiffs, in addition to their Individual Settlement Payments, in recognition of their efforts and risks in assisting with the prosecution of the Action and in exchange for executing the General Release provided herein.

I.    "Class Representative(s)" means Plaintiffs in their capacity as the representatives of the Class Members.

J.    "Compensable Workweeks" means the total number of weeks during which Settlement Class Members worked during the Class Period.

K.    "Court" means the United States District Court for the Eastern District of California.

L.    "Defendant" means Walgreen Co.

M.    "Effective Date" means: (a) the date upon which the time for appeal of the Court's order granting final approval of the Settlement Agreement expires; unless (b) an appeal is timely filed, then "Effective Date" means the date of final resolution of any appeal from the order granting final approval of the Settlement Agreement.

N.    "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Settlement Class Member.

O.    "Maximum Settlement Fund" means the sum of the Individual Settlement Payments, the Class Representative Enhancements, the Class Counsel Award, PAGA Payment and the Settlement Administration Costs up to a maximum of Six Million Dollars ($6,000,000.00).

P.    "Net Settlement Amount" or "NSA" means the Maximum Settlement Fund, less the approved Class Counsel Award, Class Representative Enhancements, PAGA Payment and Settlement Administration Costs.

Q.    "Notice Packet" means the Notice of Class Action Settlement in a form substantially similar to the form attached hereto as Exhibit 1.

R.    "PAGA" means the California Private Attorneys General Act of 2004.

S.    "PAGA Payment" means the payment made hereunder to the California Labor and Workforce Development Agency (LWDA) pursuant to PAGA.

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

T.    "Parties" means Plaintiffs and Defendant, collectively, and "Party" shall mean either Plaintiff or Defendant, individually.

U.    "Payment Ratio" means the respective Compensable Workweeks for each Settlement Class Member divided by the total Compensable Workweeks for all Settlement Class Members.

V.    "Plaintiffs" means Gloria Caves and Tamim Kabir.

W.    "Preliminary Approval Date" means the date on which the Court enters an order granting preliminary approval of the Settlement.

X.    "Released Claims" means any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have arisen out of the same facts alleged in the Action, including, but not limited to: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay all wages when due; (4) failure to pay all overtime wages; (5) failure to provide accurate itemized wage statements; (6) waiting time penalties; (7) breach of contract; (8) breach of implied covenant of good faith and fair dealing; (9) unlawful business practices in violation of Business and Professions Code section 17200 *et seq.*; and (10) PAGA penalties recoverable for any of the foregoing claims.  This Release shall include, without limitation, claims that were raised, or that reasonably could have been raised, under the applicable Wage Orders and California Labor Code provisions, including Labor Code §§ 201-202, 203, 226, 226.7, 510, 512, 1182.11-1182.13, 1194, 1194.2, 1197, 1198, and/or 2698 *et seq.*, based on alleged violations of these Labor Code provisions (collectively, the "Released Claims").  The period of the Released Claims shall be the Class Period.  The Parties agree that the judgment, and release of claims provided herein, shall have *res judicata* effect.  The definition of Released Claims shall not be limited in any way by the possibility that Plaintiffs or Settlement Class Members may discover new facts or legal theories or legal arguments not

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

4

alleged in the operative pleadings in the Action but which might serve as an alternative basis for pursuing the same claims, causes of action or legal theories of relief falling within the definition of Released Claims.

Y.    "Released Parties" means Defendant and all of its present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them.

Z.    "Request for Exclusion" means a written statement signed by the Class Member requesting exclusion containing the Class Member's name, address and telephone number to be mailed by Class Members who wish to opt out of the Settlement Class.  To be effective, the Request for Exclusion must be post-marked by the Response Deadline and received by the Settlement Administrator.

AA.   "Response Deadline" means the date forty-five (45) days after the Settlement Administrator mails Notice Packets to Class Members and the last date on which Class Members may submit Requests for Exclusion or Objections to the Settlement.

BB.   "Settlement" means the disposition of the Actions pursuant to this Agreement.

CC.   "Settlement Administrator" means Simpluris.

DD.   "Settlement Class Members" or "Settlement Class" means all current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA) at any time during the Class Period and who do not submit a timely and valid Request for Exclusion, as provided in this Agreement, or who did not previously release the Released Claims under a separate agreement.

## II.   RECITALS

A.    On November 2, 2018, Plaintiffs filed a Complaint, asserting nine causes

5

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay all wages when due; (4) failure to provide accurate itemized wage statements; (5) waiting time penalties; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; (8) unlawful business practices in violation of Business and Professions Code section 17200 *et seq.*; and (9) PAGA penalties. Plaintiffs alleged their claims individually and on behalf of all current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers from November 2, 2014 through the present.

B.     Through substantial formal and informal discovery, Defendant provided Plaintiffs' counsel with data regarding the total number of Class Members, the number of current Class Members, the number of former Class Members, the Class Members' average annual salary during the Class Period and the number of Compensable Workweeks worked by the Class Members during the Class Period.

C.     On December 11, 2019, the Parties attended private mediation with an experienced mediator, Steve Pearl. Although the Parties did not resolve the matter at mediation on December 11, 2019, the Parties continued their settlement efforts with the assistance of the mediator and, on February 11, 2020, reached a settlement, as provided herein, to settle Plaintiffs' claims on a class and representative action basis.

D.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, expressly denies that the Class Members were misclassified as exempt from the California wage and hour laws, disputes the damages and penalties claimed by Plaintiffs, and further contends that, for any purpose other than settlement, Plaintiffs' claims are not appropriate for class or representative action treatment. Defendant contends, among other things, that, at all times, it has complied with the California Labor Code, California Business & Professions Code and the Industrial Welfare Commission Wage Orders.

E.     The Plaintiffs and Class Representatives are represented by Class Counsel. Class Counsel conducted a thorough investigation into the facts relevant to

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

the Action, including reviewing documents and information provided by Defendant, as well as taking numerous depositions of Defendant's personnel. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant is fair, reasonable and adequate and in the best interest of the Settlement Class in light of all known facts and circumstances, including the risks of significant delay, defenses asserted by Defendant, uncertainties regarding a class and representative action trial on the merits and numerous potential appellate issues. Although Defendant denies any liability, Defendant is agreeing to this Settlement solely to avoid the cost of further litigation. Accordingly, the Parties and their counsel desire to fully, finally and forever settle, compromise and discharge all disputes and claims arising from or relating to the Action on the terms set forth herein.

## III.    TERMS OF AGREEMENT

A.    <u>Settlement Consideration</u>.    Defendant shall create the Maximum Settlement Fund. The following will be paid out of the Maximum Settlement Fund: the sum of the Individual Settlement Payments, the Class Representative Enhancements, the Class Counsel Award, PAGA Payment and the Settlement Administration Costs, as specified in this Agreement. In no event shall Defendant be required to pay more than the Maximum Settlement Fund, except that Defendant shall pay any employer-side taxes due on the Individual Settlement Payments in addition to the Maximum Settlement Fund.

B.    <u>Amended Complaint</u>. To effectuate the Settlement and Release by all Settlement Class Members, Plaintiffs shall file an Amended Complaint to add a claim for failure to pay overtime wages due Class Members under the California Labor Code and applicable Wage Orders.

C.    <u>Release By All Settlement Class Members</u>. As of the Effective Date, in exchange for the consideration set forth in this Agreement, Plaintiffs and the Settlement Class Members release the Released Parties from the Released Claims for the Class Period. Plaintiffs and the Settlement Class Members may hereafter discover

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this case which are the subject matter of the Released Claims. Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Claims, and by virtue of this Agreement, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the final judgment approved by the Court, shall have, fully, finally, and forever settled and released all of the Released Claims as defined in this Agreement.

D.    <u>General Release By Plaintiffs</u>.  As of the Effective Date, in exchange for the consideration set forth in this Agreement, Plaintiffs, for their selves and their heirs, successors and assigns, do hereby waive, release, acquit and forever discharge the Released Parties, from any and all claims, actions, charges, complaints, grievances and causes of action, of whatever nature, whether known or unknown, which exist or may exist on Plaintiffs' behalf as of the date of this Agreement, including, but not limited to, any and all tort claims, contract claims, wage claims, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims, fraud claims, *quantum meruit* claims and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to, claims for violation of the Fair Labor Standards Act (FLSA), the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, other state wage and hour laws, the Americans with Disabilities Act, the Age Discrimination in Employment Act (ADEA), the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, the California Family Rights Act, the Family Medical Leave Act, California's Whistleblower Protection Act, California Business & Professions Code Section 17200 *et seq*. and any and all claims arising under any federal, state or other governmental statute, law, regulation

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  or ordinance.  Plaintiffs hereby expressly waive and relinquish any and all claims,

2  rights or benefits that they may have under California Civil Code § 1542, which

3  provides as follows:

4     *A general release does not extend to claims that the creditor or*

5     *releasing party does not know or suspect to exist in his or her favor at*

6     *the time of executing the release and that, if known by him or her,*

7     *would have materially affected his or her settlement with the debtor or*

8     *released party*.

9        Plaintiffs may hereafter discover claims or facts in addition to, or different

10  from, those which they now know or believe to exist, but Plaintiffs expressly agree to

11  fully, finally and forever settle and release any and all claims against the Released

12  Parties, known or unknown, suspected or unsuspected, which exist or may exist on

13  behalf of or against the other at the time of execution of this Agreement, including,

14  but not limited to, any and all claims relating to or arising from Plaintiffs' employment

15  with Defendant.  The Parties further acknowledge, understand and agree that this

16  representation and commitment is essential to the Agreement and that this Agreement

17  would not have been entered into were it not for this representation and commitment.

18        E.    Conditions Precedent:  This Settlement will become final and effective

19  only upon the occurrence of all of the following events:

20        1.    The Court enters an order granting preliminary approval of the

21  Settlement;

22        2.    The Court enters an order granting final approval of the Settlement

23  and a Final Judgment in the Actions;

24        3.    The time for appeal of the Final Judgment and Order Granting

25  Final Approval of Class Action Settlement expires; or, if an appeal is timely filed,

26  there is a final resolution of any appeal from the Judgment and Order Granting Final

27  Approval of Class Action Settlement; and

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    4.    Defendant does not invoke its right to revoke the Settlement as

2    provided herein.

3    F.    Certification of the Settlement Class.  The Parties stipulate to conditional

4    class certification of the Settlement Class for the Class Period for purposes of

5    settlement only.  In the event that this stipulation is not approved by the Court, fails

6    to become effective, or is reversed, withdrawn or modified by the Court, or in any

7    way prevents or prohibits Defendant from obtaining a complete resolution of the

8    claims as described herein, the conditional class certification (obtained for any

9    purpose) shall be void *ab initio* and of no force or effect, and shall not be admissible

10   in any judicial, administrative or arbitral proceeding for any purpose or with respect

11   to any issue, substantive or procedural.

12   G.    Nullification of Settlement Agreement.  In the event that this Settlement

13   Agreement is not preliminarily or finally approved by the Court, fails to become

14   effective, or is reversed, withdrawn or modified by the Court, or in any way prevents

15   or prohibits Defendant from obtaining a complete resolution of the claims as

16   described herein:

17   1.    This Settlement Agreement shall be void *ab initio* and of no force

18   or effect, and shall not be admissible in any judicial, administrative or arbitral

19   proceeding for any purpose or with respect to any issue, substantive or procedural;

20   2.    The conditional class certification (obtained for any purpose) shall

21   be void *ab initio* and of no force or effect, and shall not be admissible in any judicial,

22   administrative or arbitral proceeding for any purpose or with respect to any issue,

23   substantive or procedural; and

24   3.    None of the Parties to this Settlement will be deemed to have

25   waived any claims, objections, defenses or arguments in the Action, including with

26   respect to the issue of class certification.

27   H.    Tax Liability.    The Parties make no representations as to the tax

28   treatment or legal effect of the payments called for hereunder, and Settlement Class

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  Members are not relying on any statement or representation by the Parties in this

2  regard.  Settlement Class Members understand and agree that they will be responsible

3  for the payment of any employee taxes and penalties assessed on the Individual

4  Settlement Payments described herein and will hold the Parties free and harmless

5  from and against any claims, liabilities, costs and expenses, including attorney's fees,

6  resulting in any way from personal tax treatment of the payments made pursuant to

7  this Agreement, including the treatment of such payments as not subject to

8  withholding or deduction for payroll and employment taxes (except for any obligation

9  of Defendant to pay its share of employer taxes, if any).  Defendant's share of any

10  employer payroll taxes and other required employer withholdings due on the

11  Individual Settlement Payments, including, but not limited to, Defendant's FICA and

12  FUTA contributions, shall be paid separate and apart from the Maximum Settlement

13  Fund.

14       I.   <u>Circular 230 Disclaimer</u>.  Each Party to this Agreement (for purposes of

15  this section, the "acknowledging party" and each Party to this Agreement other than

16  the acknowledging party, an "other party") acknowledges and agrees that:  (1) no

17  provision of this Agreement, and no written communication or disclosure between or

18  among the Parties or their attorneys and other advisers, is or was intended to be, nor

19  shall any such communication or disclosure constitute or be construed or be relied

20  upon as, tax advice within the meaning of United States Treasury Department circular

21  230 (31 CFR part 10, as amended); (2) the acknowledging party (a) has relied

22  exclusively upon his, her or its own, independent legal and tax counsel for advice

23  (including tax advice) in connection with this Agreement, (b) has not entered into this

24  Agreement based upon the recommendation of any other Party or any attorney or

25  advisor to any other Party, and (c) is not entitled to rely upon any communication or

26  disclosure by any attorney or adviser to any other party to avoid any tax penalty that

27  may be imposed on the acknowledging party, and (3) no attorney or adviser to any

28  other Party has imposed any limitation that protects the confidentiality of any such

1  attorney's or adviser's tax strategies (regardless of whether such limitation is legally

2  binding) upon disclosure by the acknowledging party of the tax treatment or tax

3  structure of any transaction, including any transaction contemplated by this

4  Agreement.

5      J.    <u>Preliminary Approval Motion</u>. At the earliest practicable time, Plaintiffs

6  shall file with the Court a Motion for Order Granting Preliminary Approval and

7  supporting papers, which shall include this Settlement Agreement.  Any dispute

8  regarding forms of notices and other documents necessary to implement the

9  Settlement contained in the Stipulation, if not timely resolved among the Parties, shall

10  be referred to the Court.  The Parties shall seek a prompt hearing date to obtain

11  preliminary approval of the Settlement.

12      K.    <u>Notice Obligations Under 28 U.S.C. Section 1715</u>.  Within ten (10) days

13  after the filing of the Motion for Order Granting Preliminary Approval, Defendant

14  shall provide notice of the Settlement, consistent with the requirements of 28 U.S.C.

15  Section 1715, to the Attorney General of the United States and the appropriate State

16  official of each State in which a class member resides.  If any of the notified federal

17  or state officials takes any action adversely affecting the validity or enforceability of

18  the Settlement, or seeking to impose additional liability on Defendant for the matters

19  resolved by the Released Claims, Defendant may, at its option, suspend the

20  implementation of the Settlement pending the outcome of the action initiated by the

21  notified federal or state official or may elect to void the Settlement by written notice

22  to Class Counsel.

23      L.    <u>Settlement Administrator</u>.   The Settlement Administrator shall be

24  responsible for:   (a) calculating, processing and mailing payments to the Class

25  Representatives, Class Counsel, LWDA, and Settlement Class Members; (b) printing

26  and mailing the Notice Packets to the Class Members as directed by the Court; (c)

27  receiving and reporting the objections and requests for exclusion; (d) distributing tax

28  forms to the Settlement Class Members; (e) providing declaration(s), as necessary, in

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    support of preliminary and/or final approval of this Settlement; and (f) other tasks as

2    the Parties mutually agree or the Court orders the Settlement Administrator to

3    perform. The Settlement Administrator shall keep the Parties timely apprised of the

4    performance of all Settlement Administrator responsibilities.

5         M.    Settlement Administration.

6              1.    Class Data.  No later than fifteen (15) business days after the

7    Preliminary Approval Date, Defendant shall provide the Settlement Administrator

8    with the Class Data for purposes of preparing and mailing Notice Packets to Class

9    Members. The Class Data shall be confidential. The Settlement Administrator shall

10   not provide the Class Data to Class Counsel or Plaintiffs or any third party, or use the

11   Class Data or any information contained therein for any purpose other than to

12   administer this Settlement, except that, in order to allow Class Counsel to respond

13   effectively and efficiently to inquiries to Class Counsel from specific Class Members,

14   the Settlement Administrator shall upon request provide Class Counsel with the Class

15   Data, supporting documentation submitted by the inquiring Class Member, and

16   communications between the Settlement Administrator and the inquiring Class

17   Member.

18             2.    Notice Packets.

19                  a)    The Notice Packet shall contain the Notice of Class Action

20   Settlement in a form substantially similar to the form attached hereto as Exhibit 1.

21   The Notice of Class Action Settlement shall set forth the material terms of the

22   Settlement, including the release to be given by all members of the Settlement Class

23   who do not request to be excluded from the Settlement Class. The Notice Packet also

24   shall be individualized by including the Compensable Workweeks for both the

25   individual Settlement Class Member as well as the entire Class, and the estimated

26   amount of their Individual Settlement Payment.

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

b)    The Notice Packet's mailing envelope shall include the following language: "IMPORTANT LEGAL DOCUMENT - YOU ARE ENTITLED TO MONEY FROM A CLASS ACTION SETTLEMENT."

3.    <u>Notice By First Class U.S. Mail</u>.  Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database and/or similar database(s) to update and correct any known or identifiable address changes.  No later than fourteen (14) calendar days after receiving the Class Data from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice Packet to all Class Members via regular First Class U.S. Mail, postage prepaid.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member.  The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.  In the event more than one address is identified, then the Settlement Administrator shall mail to each potentially valid address.

4.    <u>Undeliverable Notices</u>.  Any Notice Packets returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Class Member involved, and shall then perform a re-mailing, if another mailing address is identified by the Settlement Administrator. Class Members who received a re-mailed Notice Packet shall have their Response Deadline extended fifteen (15) days from the original Response Deadline.

5.    The Settlement Administrator shall create and maintain a dedicated website for information about this Settlement ("Settlement Website"), on which the Settlement Administrator will make available for download in portable document format (1) the Notice Packet as approved by the Court and (2) other

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

documents and pleadings filed by the Parties in connection with the Settlement. The Settlement Administrator will also a reference to the Settlement Website in the Notice Packet, maintain a toll-free number and an email address for Class Members to seek answers to questions about the Settlement, and provide a reference to the toll-free number and email address in the Notice Packet.

6.    <u>Disputes Regarding Individual Settlement Payments</u>. Settlement Class Members will have the opportunity, should they disagree with Defendant's records regarding the Compensable Workweeks stated on the Notice of Class Action Settlement, to provide documentation and/or an explanation to show contrary Compensable Workweeks, within thirty (30) calendar days of the receipt of the Notice Packet. This can be done via the Settlement Website, which will have a button on it to allow the Class Member to register his or her dispute and a method to upload or otherwise provide the information that the Class Member believes demonstrates the number of Compensable Workweeks. The Settlement Administrator has fourteen (14) calendar days to respond to the Class Member. If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted. Counsel for the Parties will meet and confer in good faith to resolve the disputes. After the Parties meet and confer, the Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement. The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Settlement Class Member and the Parties.

7.    <u>Disputes Regarding Administration of Settlement</u>. Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will meet and confer in good faith to resolve the disputes without the necessity of involving the Court.

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1.  <u>Request for Exclusion</u>.  The Notice of Class Action Settlement contained in the Notice Packet shall state that Class Members who wish to exclude themselves from the Settlement must submit to the Settlement Administrator a signed, written statement requesting exclusion from the Settlement.  The written statement must contain the Class Member's name, address, and telephone number.  The Request for Exclusion will not be valid if it is not timely submitted by the Response Deadline and received by the Settlement Administrator.  The date of the postmark on the return mailing envelope or fax stamp on the Request for Exclusion shall be the exclusive means used to determine whether the Request for Exclusion was timely submitted.  Any Class Member who requests to be excluded from the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement or have any right to object, appeal or comment thereon.  A request signed only by a representative or attorney for the Class Member is not valid.  A single written letter or request for exclusion submitted on behalf of more than one Class Member will be deemed invalid.  Mass or class opt-outs shall not be allowed.  No Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

8.  Class Members who fail to submit a valid and timely written Request for Exclusion on or before the Response Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court.  No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with a final list of the Class Members who have timely submitted Requests for Exclusion. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Class to submit Requests for Exclusion from the Settlement.

9.  <u>Objections</u>.  All written objections and supporting papers ("Notice of Objection") must: (a) clearly identify the case name and number, *Gloria Caves, et*

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

*al. v. Walgreen Co.*, Case No. 2:18-cv-02910-MCE-DB, (b) state with specificity the ground for the objection, (c) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, (d) state whether the Settlement Class Member intends to appear at the Final Approval/Settlement Fairness Hearing and whether the Class member will be represented by separate counsel; (e) be signed by the Settlement Class Member; (f) provide a list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (g) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Eastern District of California, 501 I Street Sacramento, California 95814, or by filing them in person at any location of the United States District Court for the Eastern District of California, and (h) be filed or postmarked on or before the Response Deadline. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Settlement Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval/Settlement Fairness Hearing in order to have their objections heard by the Court. No Settlement Class Member may appear at the Final Approval/Settlement Fairness Hearing unless he or she has served a timely objection that complies with the procedures provided in this paragraph. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to file or serve written objections to the Settlement or appeal from the Order and Final Judgment. Class Members who submit a Request for Exclusion are not entitled to object to the Settlement.

      N.    <u>Funding and Allocation of the Maximum Settlement Fund</u>. No later than fifteen (15) business days after the Effective Date, Defendant shall provide the Maximum Settlement Fund to the Settlement Administrator to fund the Settlement, as set forth in this Agreement.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

17

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

1      1.    Individual Settlement Payments.  Individual Settlement Payments

2 shall be paid from the Net Settlement Amount and shall be paid pursuant to the

3 formula set forth herein.

4           a)    Calculation of Individual Settlement Payments.  Using the

5 Class Data, the Settlement Administrator will calculate the total Compensable

6 Workweeks for all Settlement Class Members by adding the number of Compensable

7 Workweeks for each Settlement Class Member during the Class Period.    The

8 respective Compensable Workweeks for each Settlement Class Member will be

9 divided by the total Compensable Workweeks for all Settlement Class Members,

10 resulting in the Payment Ratio for each Settlement Class Member.  Each Settlement

11 Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount

12 to calculate each Settlement Class Member's estimated Individual Settlement

13 Payments.

14           b)    Allocation.    For tax purposes, Individual Settlement

15 Payments shall be allocated and treated as follows:  twenty percent (20%) of the Net

16 Settlement Amount shall be allocated to wages, subject to applicable withholdings, to

17 be reported on a W-2 form; forty percent (40%) to penalties, not subject to

18 withholdings and reported on a 1099 form to be issued by the Settlement

19 Administrator; and forty percent (40%) to interest, not subject to withholdings and

20 reported on a 1099 form to be issued by the Settlement Administrator.

21           c)    Mailing.  Individual Settlement Payments shall be mailed

22 by regular First Class U.S. Mail to Settlement Class Members' last known mailing

23 address no later than thirty (30) calendar days after the Effective Date.

24           d)    Expiration.    Any checks issued to Settlement Class

25 Members shall remain valid and negotiable for one hundred and eighty (180) days

26 from the date of their issuance.  If a Settlement Class Member does not cash his or

27 her settlement check within 180 days, the uncashed funds, subject to Court approval,

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
602012913.1

1    shall be transmitted to the National Association of Minority and Women Owned Law

2    Firms (NAMWOLF).

3    　　　　2.    <u>Class Representative Enhancements</u>.    Defendant agrees not to

4    oppose or object to any application or motion by Plaintiffs for Class Representative

5    Enhancements of up to Ten Thousand Dollars ($10,000.00) to each Plaintiff.    The

6    Class Representative Enhancements are in exchange for the Released Claims, the

7    General Releases, and for Plaintiffs' time, effort and risk in bringing and prosecuting

8    the Action.    The Settlement Administrator shall pay the Class Representative

9    Enhancements to Plaintiffs from the Maximum Settlement Fund no later than thirty

10   (30) calendar days after the Effective Date.    Any portion of the requested Class

11   Representative Enhancements that are not awarded to the Class Representatives shall

12   be part of the Net Settlement Amount and shall be distributed to Settlement Class

13   Members as provided in this Agreement.    The Settlement Administrator shall issue an

14   IRS Form 1099-MISC to Plaintiffs for their Class Representative Enhancements.

15   Plaintiffs shall be solely and legally responsible to pay any and all applicable taxes on

16   their respective Class Representative Enhancements and shall hold harmless

17   Defendant from any claim or liability for taxes, penalties or interest arising as a result

18   of the Class Representative Enhancements.    The Class Representative Enhancements

19   shall be in addition to the Plaintiffs' Individual Settlement Payment as a Settlement

20   Class Member.    In the event that the Court reduces or does not approve the requested

21   Class Representative Enhancements, Plaintiffs shall not have the right to revoke the

22   Settlement, and it will remain binding.

23   　　　　3.    <u>Class Counsel Award</u>.    Defendant agrees not to oppose or object

24   to any application or motion by Class Counsel for attorneys' fees not to exceed

25   twenty-five percent (25%) of the Maximum Settlement Fund ($1,500,000.00).

26   Additionally, Defendant shall not oppose an application by Class Counsel for, and

27   Class Counsel shall not seek or receive an amount in excess of $55,000.00 from the

28   Maximum Settlement Fund for all past and future litigation costs and expenses

necessary to prosecute, settle and administer the Action as supported by a declaration from Class Counsel. The Parties agree that any and all claims for reasonable attorneys' fees and costs have been settled by this Agreement and that neither Plaintiffs, Settlement Class Members, nor Class Counsel shall seek payment of attorneys' fees or reimbursement of costs/expenses from Defendant except as set forth in this Agreement. Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement. The Settlement Administrator shall pay the Class Counsel Award to Class Counsel from the Maximum Settlement Fund no later than fifteen (15) calendar days after the Effective Date. Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph. The Settlement Administrator shall issue an IRS Form 1099-MISC to Class Counsel for the payments made pursuant to this paragraph. In the event that the Court reduces or does not approve the requested Class Counsel Award, Plaintiffs and Class Counsel shall not have the right to revoke the Settlement, and it will remain binding.

4.    <u>PAGA Payment</u>. Fifty Thousand Dollars ($50,000.00) shall be allocated from the Maximum Settlement Fund for settlement of claims for civil penalties under the PAGA. The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or $37,500.00, to the California Labor and Workforce Development Agency ("LWDA") no later than twenty-five (25) calendar days after the Effective Date. Twenty-five (25%), or $12,500.00, will be part of the Net Settlement Amount and distributed to Settlement Class Members as described in this Agreement.

5.    <u>Settlement Administration Costs</u>. The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Maximum Settlement Fund. The estimate of the Settlement Administration Costs is not to exceed Twenty Five Thousand Dollars ($25,000.00). The Settlement Administrator

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

shall be paid the Settlement Administration Costs no later than thirty (30) calendar days after Defendant provides funds to the Settlement Administrator for disbursement under this Agreement.

        6.    Net Settlement Amount.  The Parties estimate the amount of the Net Settlement Amount as follows:

| | | |
|---|---|---|
| Maximum Settlement Fund | $ | 6,000,000.00 |
| Class Representative Enhancements: | $ | 20,000.00 |
| Class Counsels' Fees: | $ | 1,500,000.00 |
| Class Counsels' Costs: | $ | 55,000.00 |
| PAGA Payment: | $ | 50,000.00 |
| | | ($37,500.00 to the LWDA and $12,500.00 to remain in the Net Settlement) |
| Settlement Administration Costs: | $ | 25,000.00 |
| **Net Settlement Amount** | **$** | **4,362,500.00** |

O.    <u>Government Actions Affecting Settlement</u>.  If any administrative proceeding or action is commenced on or before a date that is one (1) year from the Preliminary Approval Date by any federal, state or local government authority, including, without limitation, the U.S. Department of Labor or the California Division of Labor Standards Enforcement, in a *parens patriae* or other function asserting the Released Claims, Plaintiffs and Class Counsel will sign an appropriate declaration at the request of Defendant supporting the Settlement and asserting that, in the Parties' opinion, the governmental action is within the scope of this Stipulation, the Action and the Final Judgment.

P.    <u>Final Approval Motion</u>. At the earliest practicable time following the expiration of the Response Deadline, Plaintiffs shall file with the Court a Motion for Order Granting Final Approval and Entering Judgment, which motion shall request final approval of the Settlement and the amounts payable for the Class Representative Enhancements, the Class Counsel Award, the PAGA Payment, and the Settlement

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  Administration Costs.

2      1.  <u>Declaration by Settlement Administrator</u>.  The Settlement

3  Administrator shall submit a declaration in support of Plaintiffs' motion for final

4  approval of this Settlement detailing (a) the number of Notice Packets mailed and re-

5  mailed to Class Members, (b) the number of undeliverable Notice Packets, (c) the

6  number of timely Requests for Exclusion, (d) the number of timely objections

7  received, (e) the amount of the average and highest Individual Settlement Payment,

8  (f) the Settlement Administration Costs, and (g) any other information as the Parties

9  mutually agree or the Court orders the Settlement Administrator to provide.

10      2.  <u>Final Approval Order and Judgment</u>.  The Parties shall present a

11  Judgment and Order Granting Final Approval of Class Action Settlement to the Court

12  for its approval, in the form substantially similar to Exhibit 2.  The Final Judgment

13  shall, among other things:

14      (a)  Find that the Court has personal jurisdiction over all Class

15  Members and that the Court has subject matter jurisdiction to approve this Stipulation

16  and all exhibits thereto;

17      (b)  Approve this Stipulation and the proposed Settlement as fair,

18  reasonable and adequate, consistent and in compliance with all applicable

19  requirements of the Federal Rules of Civil Procedure, the Local Rules for the Eastern

20  District of California, the Procedural Guidelines for Class Action Settlements, the

21  California and United States Constitutions (including the Due Process Clauses), and

22  any other applicable law, and in the best interests of each of the Parties and the Class

23  Members; direct the Parties and their counsel to implement this Stipulation according

24  to its terms and provisions; and declare this Stipulation to be binding on Plaintiffs and

25  all other Class Members, except those who timely and properly filed Request for

26  Exclusions, as well as their heirs, executors and administrators, successors and

27  assigns;

28      (c)  Certify the Settlement Class, for settlement purposes only, and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

22

1    find that an ascertainable class exists and a well-defined community of interest exists

2    in the questions of law and fact involved because in the context of the Settlement: (i)

3    there are questions of law and fact common to the Class Members which, as to the

4    Settlement and all related matters, predominate over any individual questions; (ii) the

5    claims of Plaintiffs are typical of the claims of the Class Members; and (iii) in

6    negotiating, entering into and implementing the Settlement, Plaintiffs and Plaintiffs'

7    Attorneys have fairly and adequately represented and protected the interests of the

8    Class Members;

9         (d)    Find that the Notice and notice methodology implemented

10   pursuant to this Stipulation (i) constituted the best practicable notice; (ii) constituted

11   notice that was reasonably calculated, under the circumstances, to apprise Class

12   Members of the pendency of the Action, their right to object to or exclude themselves

13   from the proposed Settlement and their right to appear at the Final

14   Approval/Settlement Fairness Hearing; (iii) were reasonable and constituted due,

15   adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all

16   applicable requirements of the Federal Rules of Civil Procedure, the California and

17   United States Constitutions (including the Due Process Clauses), the Local Rules for

18   the United States District Court for the Eastern District of California, and any other

19   applicable law;

20        (e)    Find that Plaintiffs and Class Counsel adequately represented the

21   Class for purposes of entering into and implementing the Settlement;

22        (f)    Incorporate the Released Claims set forth in this Agreement, make

23   the Released Claims effective as of the Preliminary Approval Date and forever

24   discharge the Released Parties from any claims or liabilities arising from or related to

25   the Action;

26        (g)    Permanently bar and enjoin Plaintiffs and all Class Members who

27   have not been timely and properly excluded from the Settlement Class, and any person

28   acting on their behalf, from (i) filing, commencing, prosecuting, intervening in,

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

23

1  participating in (as class members or otherwise) or receiving any benefits or other

2  relief from, any other lawsuit, in any state or federal court, arbitration, or

3  administrative, regulatory or other proceeding or order in any jurisdiction based on

4  the Released Claims;

5          (h)    Authorize the Parties, without further approval from the Court, to

6  agree to and to adopt such amendments, modifications and expansions of this

7  Agreement and all exhibits attached hereto as (i) are consistent with the Final

8  Judgment; and (ii) do not limit the rights of Class Members under the Agreement;

9          (i)    Without affecting the finality of the Final Judgment, the Court

10 shall retain continuing jurisdiction over the Actions, the Parties and the Class, as well

11 as the administration and enforcement of the Settlement.    Any disputes or

12 controversies arising with respect to the interpretation, consummation, enforcement

13 or implementation of the Settlement shall be presented by motion to the Court;

14 provided however, that nothing in this part shall restrict the ability of the Parties to

15 exercise their rights under Section O.2.a through O.2.h, above.

16      Q.    Option to Terminate Settlement.

17      1.    Defendant's Right to Terminate.  If, after the Response Deadline,

18 the total number of Class Members who submitted timely and valid Requests for

19 Exclusion from the Settlement is at least fifteen percent (15%) of all Class Members,

20 Defendant shall have, in its sole discretion, the option to terminate this Settlement.  If

21 Defendant exercises the option to terminate this Settlement, Defendant shall:  (a)

22 provide written notice to Class Counsel within seven (7) calendar days after the

23 Response Deadline and (b) pay all Settlement Administration Costs incurred up to the

24 date or as a result of the termination; and the Parties shall proceed in all respects as if

25 this Agreement had not been executed.

26      2.    Termination due to Material Modification of Agreement by Court.

27 If the Court modifies this Agreement in a material manner, the adversely-affected

28 Party shall have the right to void the Agreement.

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

R.    Motions for Preliminary and Final Approval.  No later than 28 days before the date set in the Notice for the Fairness Hearing, Class Counsel will file its briefing regarding Final Approval of the Settlement and Certification of the Settlement Class, and Award of Attorneys' Fees, Costs, Expenses, and Representative Service Awards requesting that the Court enter a Final Order and Judgment. Class Counsel will provide an opportunity for Counsel for Defendant to review the Motions for Preliminary and Final Approval at least three (3) days prior to filing with the Court.  Walgreens will not oppose Preliminary Approval or Final Approval but may, at its discretion, submit such briefing as it deems necessary to support the Motion for Final Approval, clarify its positions, and otherwise protect its interests. Such briefing by Walgreens will be due no later than ten (10) days before the date set in the Notice for the Fairness Hearing, and Walgreens shall, at least three (3) days prior the filing of any such brief, give Class Counsel the opportunity to review and comment on the draft brief.  Class Counsel and Walgreens' Counsel shall also be entitled to file responses to any Objections that have been filed, which responses shall be filed five (5) days prior to the date set in the Notice for the Fairness Hearing.

R.    No Impact on Benefit Plans.  Neither this Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy or bonus program sponsored by Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant-sponsored benefit plans, policies or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently or on a going forward basis, as salary, earnings, wages or any other form of compensation for the purposes of Defendant's benefit plan, policy or bonus program.  Defendant retains the right to modify the language of its benefit plans, policies and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual or any other purpose, and that additional contributions or benefits are not required by this Settlement.

S.    <u>Notices</u>.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third (3rd) business day after mailing by United States certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Class:

Chiharu Sekino
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone:  (619) 235-2416
Facsimile:  (866) 300-7367

James C. Shah
**SHEPHERD FINKELMAN MILLER & SHAH, LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone:  (610) 891-9889
Facsimile:  (866) 300-7367

John F. Edgar
Brendan McNeal
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Suite 440
Kansas City, MO 64108
Telephone:  (816) 531-0033
Facsimile:  (816) 531-3322

To Defendant:

Allison C. Eckstrom
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

26

1

2    T.    Cooperation.  The Parties and their counsel will cooperate with each

3    other and use their best efforts to effect the Court's approval of the Motions for

4    Preliminary and Final Approval of the Settlement and to effect the implementation of

5    the Settlement.

6    U.    Interim Stay of Proceedings.  The Parties agree to stay all proceedings in

7    the Actions, except such proceedings necessary to implement and complete the

8    Settlement, pending the Final Approval/Settlement Fairness Hearing to be conducted

9    by the Court.

10    V.    Admissibility of Agreement.  This Agreement shall not be admissible in

11    any proceeding for any purpose, except to enforce it according to its terms.

12    W.    Amendment or Modification.  This Agreement may be amended or

13    modified only by a written instrument signed by counsel for all Parties or their

14    successors-in-interest.

15    X.    Entire Agreement.  This Agreement and any attached Exhibits constitute

16    the entire Agreement among these Parties, and no oral or written representations,

17    warranties or inducements have been made to any Party concerning this Agreement

18    or its Exhibits other than the representations, warranties and covenants contained and

19    memorialized in the Agreement and its Exhibits.

20    Y.    Authorization to Enter Into Settlement Agreement.  Counsel for all

21    Parties warrant and represent they are expressly authorized by the Parties whom they

22    represent to negotiate this Agreement and to take all appropriate actions required or

23    permitted to be taken by such Parties pursuant to this Agreement to effectuate its

24    terms, and to execute any other documents required to effectuate the terms of this

25    Agreement.  The persons signing this Agreement on behalf of Defendant represent

26    and warrant that they are authorized to sign this Agreement on behalf of Defendant.

27    Plaintiffs represent and warrant that they are authorized to sign this Agreement and

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
602012913.1

1    that they have not assigned any claim, or part of a claim, covered by this Settlement

2    to a third-party.

3         Z.    <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding

4    upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as

5    previously defined.

6         AA.  <u>California Law Governs</u>.  All terms of this Agreement and the Exhibits

7    hereto and any disputes arising hereunder shall be governed by and interpreted

8    according to the laws of the State of California.

9         BB.  <u>Counterparts</u>.  This Agreement may be executed in one or more

10   counterparts and through DocuSign signatures.  All executed counterparts and each

11   of them shall be deemed to be one and the same instrument provided that counsel for

12   the Parties to this Agreement shall exchange among themselves copies or originals of

13   the signed counterparts.

14        CC.  <u>This Settlement Is Fair, Adequate and Reasonable</u>.  The Parties believe

15   this Settlement is a fair, adequate and reasonable settlement of this Action and have

16   arrived at this Settlement after extensive arms-length negotiations, taking into account

17   all relevant factors, present and potential.

18        DD.  <u>Jurisdiction of the Court</u>.  The Parties agree that the Court shall retain

19   jurisdiction with respect to the interpretation, implementation and enforcement of the

20   terms of this Agreement and all orders and judgments entered in connection therewith,

21   and the Parties and their counsel hereto submit to the jurisdiction of the Court for

22   purposes of interpreting, implementing and enforcing the Settlement embodied in this

23   Agreement and all orders and judgments entered in connection therewith.  To the

24   extent any Party seeks to enforce any of the terms of this Agreement, the prevailing

25   party in any such enforcement action shall be entitled to seek its attorneys' fees and

26   costs incurred therewith.

27        EE.  <u>Invalidity of Any Provision</u>.  Before declaring any provision of this

28   Agreement invalid, the Court shall first attempt to construe the provisions valid to the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

1    fullest extent possible consistent with applicable precedents so as to define all

2    provisions of this Agreement valid and enforceable.

3        FF.    <u>Publicity</u>.    Defendant may disclose the terms and contents of the

4    Settlement, as required under its contractual and legal obligations.  Plaintiffs and

5    Class Counsel agree not to issue press releases, communicate with, or respond to any

6    media or publication entities, publish information in manner or form, whether printed

7    or electronic, on any medium or otherwise communicate, whether by print, video,

8    recording or any other medium, with any person or entity concerning the Settlement,

9    including the fact of the Settlement, its terms or contents and the negotiations

10   underlying the Settlement, except as shall be contractually required to effectuate the

11   terms of the Settlement as set forth herein.  Nothing stated herein shall prohibit Class

12   Counsel from discussing the Settlement, the fact of Settlement, and its terms and

13   conditions with Class Members, or from filing all necessary motions and supporting

14   memoranda related to preliminary and final approval of the Settlement. Class Counsel

15   and counsel for Defendant shall not place notice of the Settlement on their respective

16   websites.

17       GG.    <u>No Unalleged Claims</u>.  Plaintiffs and Class Counsel represent that they

18   do not currently intend to pursue any claims against Defendant, including, but not

19   limited to, any and all claims relating to or arising from Plaintiffs' employment with

20   Defendant, and that Class Counsel is not currently aware of any facts or legal theories

21   upon which any claims or causes of action could be brought against Defendant. The

22   Parties further acknowledge, understand, and agree that this representation is essential

23   to the Agreement and that this Agreement would not have been entered into were it

24   not for this representation.

25       HH.    <u>Waiver of Certain Appeals</u>.    With the exception of the Class

26   Representative Enhancements and Class Counsel Award, the Parties agree to waive

27   any and all rights to appeal, this waiver being contingent upon the Court entering the

28   Final Judgment.  This waiver includes waiver of all rights to any post-judgment

proceeding and appellate proceeding, including, but not limited to, motions for relief from judgment and motions to amend or alter the judgment.

II.    <u>No Admissions</u>.  Plaintiffs have claimed and continue to claim that the Released Claims have merit and give rise to liability on the part of Defendant. Defendant has claimed and continues to claim that the Released Claims have no merit and do not give rise to liability.  This Agreement is a compromise of disputed claims. Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against the Defendant or Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted.

JJ.    <u>Return of All Documents Produced by Defendant</u>.  Plaintiffs and Class Counsel agree to destroy all confidential documents and electronic information produced by Defendant in the Action within thirty (30) days after the entry of the Final Judgment by the Court.

Dated: _____, 2020        **PLAINTIFFS**

By: _____
      GLORIA CAVES

By: _____
      TAMIM KABIR

APPROVED AS TO FORM:

Dated: _____, 2020        **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

By: _____

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  proceeding and appellate proceeding, including, but not limited to, motions for relief
2  from judgment and motions to amend or alter the judgment.

3       II.    No Admissions.  Plaintiffs have claimed and continue to claim that the
4  Released Claims have merit and give rise to liability on the part of Defendant.
5  Defendant has claimed and continues to claim that the Released Claims have no merit
6  and do not give rise to liability.  This Agreement is a compromise of disputed claims.
7  Nothing contained in this Agreement and no documents referred to herein and no
8  action taken to carry out this Agreement may be construed or used as an admission
9  by or against the Defendant or Plaintiffs or Class Counsel as to the merits or lack
10  thereof of the claims asserted.

11       JJ.    Return of All Documents Produced by Defendant.  Plaintiffs and Class
12  Counsel agree to destroy all confidential documents and electronic information
13  produced by Defendant in the Action within thirty (30) days after the entry of the
14  Final Judgment by the Court.

15

16  Dated:  ___June 22___, 2020        **PLAINTIFFS**

17

18                                 By: _Gloria Caves_____
19                                     GLORIA CAVES

20

21                                 By: _____
                                       TAMIM KABIR
22

23  APPROVED AS TO FORM:

24  Dated:  _____, 2020       **SHEPHERD, FINKELMAN, MILLER &**
25                                    **SHAH, LLP**
26

27                                 By: _____
28

                                    30
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

proceeding and appellate proceeding, including, but not limited to, motions for relief from judgment and motions to amend or alter the judgment.

II. <u>No Admissions</u>. Plaintiffs have claimed and continue to claim that the Released Claims have merit and give rise to liability on the part of Defendant. Defendant has claimed and continues to claim that the Released Claims have no merit and do not give rise to liability. This Agreement is a compromise of disputed claims. Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against the Defendant or Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted.

JJ. <u>Return of All Documents Produced by Defendant</u>. Plaintiffs and Class Counsel agree to destroy all confidential documents and electronic information produced by Defendant in the Action within thirty (30) days after the entry of the Final Judgment by the Court.

Dated: June 19th, 2020          **PLAINTIFFS**

By: _____
        GLORIA CAVES

By: _____
        TAMIM KABIR

APPROVED AS TO FORM:

Dated: _____, 2020    **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

By: _____

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

30

1  proceeding and appellate proceeding, including, but not limited to, motions for relief

2  from judgment and motions to amend or alter the judgment.

3      II.    No Admissions.  Plaintiffs have claimed and continue to claim that the

4  Released Claims have merit and give rise to liability on the part of Defendant.

5  Defendant has claimed and continues to claim that the Released Claims have no merit

6  and do not give rise to liability.  This Agreement is a compromise of disputed claims.

7  Nothing contained in this Agreement and no documents referred to herein and no

8  action taken to carry out this Agreement may be construed or used as an admission

9  by or against the Defendant or Plaintiffs or Class Counsel as to the merits or lack

10  thereof of the claims asserted.

11      JJ.    Return of All Documents Produced by Defendant.  Plaintiffs and Class

12  Counsel agree to destroy all confidential documents and electronic information

13  produced by Defendant in the Action within thirty (30) days after the entry of the

14  Final Judgment by the Court.

15

16  Dated: _____, 2020        **PLAINTIFFS**

17

18                                      By: _____

19                                          GLORIA CAVES

20

21                                      By: _____

22                                          TAMIM KABIR

23  APPROVED AS TO FORM:

24  Dated: _June 22_, 2020        **SHEPHERD, FINKELMAN, MILLER &**

25                                **SHAH, LLP**

26

27                                      By: _____

28

30

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

602012913.1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1
2
3

    James C. Shah
    Chiharu Sekino
    Class Counsel and Counsel for
    Plaintiffs

4
5

APPROVED AS TO FORM:

6

Dated: _6/19/_____, 2020

**EDGAR LAW FIRM LLC**

7
8

By: _____

9
10

    John F. Edgar
    Brendan McNeal
    Class Counsel and Counsel for
    Plaintiffs

11
12
13

Dated: __June 17_____, 2020

**DEFENDANT**

14

By: _____

15
16

Name:   Elena Kraus

Title:   SVP and General Counsel, Walgreen Co.

17
18

APPROVED AS TO FORM:

19
20

Dated: _____, 2020

**BRYAN CAVE LEIGHTON PAISNER LLP**

21
22

By: _____

23
24
25

    Allison C. Eckstrom
    Christopher J. Archibald
    Attorneys for Defendant
    Walgreen Co.

26
27
28

31

602012913.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

James C. Shah
Chiharu Sekino
Class Counsel and Counsel for
Plaintiffs

APPROVED AS TO FORM:

Dated: _____, 2020            **EDGAR LAW FIRM LLC**

By: _____
    John F. Edgar
    Brendan McNeal
    Class Counsel and Counsel for
    Plaintiffs

Dated: June 17 _____, 2020            **DEFENDANT**

By: _____
Name:   Elena Kraus
Title:   SVP and General Counsel, Walgreen Co.

APPROVED AS TO FORM:

Dated: June 19 _____, 2020            **BRYAN CAVE LEIGHTON PAISNER
LLP**

By: _____
    Allison C. Eckstrom
    Christopher J. Archibald
    Attorneys for Defendant
    Walgreen Co.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
602012913.1

# Exhibit 1

# IMPORTANT LEGAL NOTICE

# NOTICE OF CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated, | Case No. 2:18-cv-02910-MCE-DB Hon. Morrison C. England, Jr. Courtroom: 7 |
| Plaintiffs, | |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

*A federal court authorized this notice. You have received this Notice because Walgreens' records indicate that you are a current or former store manager in California. This is not a solicitation from a lawyer and you are not being sued.*

**Mr./Ms. [Insert Name]:**

**THE RECORDS OF WALGREEN CO. ("WALGREENS") SHOW YOU WERE EMPLOYED BY WALGREENS AS A STORE MANAGER IN CALIFORNIA AT ANY TIME BETWEEN OCTOBER 16, 2014, AND _____, 2020, AND YOU ARE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**IT IS ESTIMATED THAT YOUR POTENTIAL PAYMENT UNDER THIS SETTLEMENT WOULD BE $_____.**

**IMPORTANT: YOU WILL BE BOUND BY THIS SETTLEMENT AND YOUR RIGHTS WILL BE AFFECTED BY THIS LITIGATION UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS AS EXPLAINED BELOW.**
**PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **Do Nothing** | You will receive a payment  (in the amount referenced above) under the Settlement. | See question 5  below |
| **Exclude Yourself** | Receive no payment under the Settlement and retain all rights you may have against Walgreens. | Must be postmarked by _____, 2020.  See questions 5, option 3 below. |
| **Object** | Write to the Court about why you believe that the settlement is unfair. If you file a proper objection, you may ask to speak in Court about the fairness of the settlement. | Must be filed and postmarked by         , 2020. See questions 4 and 5, Option 2  below. |

**YOUR RIGHTS AND OPTIONS - AND THE DEADLINES TO EXERCISE THEM - ARE EXPLAINED IN THIS NOTICE.**

**The Court in charge of this case still has to decide whether to approve the Settlement, so that the benefits may be provided. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.**

### 1.  WHY DID YOU RECEIVE THIS NOTICE?

This notice explains the nature of this lawsuit, as well as a proposed settlement of this lawsuit, and informs you of your legal rights under that proposed settlement. You are receiving this notice because you may be a member of a class on whose behalf this class action lawsuit has been brought.  Judge Morrison C. England, Jr. of the United States District Court for the Eastern District of California (the "Court") has conditionally certified a class for settlement purposes, comprised of:

All current and former employees who work/worked for Walgreens in the State of California as Store Managers (and classified under job codes TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA) at any time between November 2, 2014 and _____, 2020.

("Class" or "Class Members").

The Court has appointed as class counsel Shepherd, Finkelman, Miller & Shah, LLP and Edgar Law Firm LLC ("Class Counsel").

## 2. WHAT IS THIS LAWSUIT ABOUT?

This settlement is the result of a lawsuit filed by Plaintiffs Gloria Caves and Tamim Kabir ("Plaintiffs"). On November 2, 2018, Plaintiffs filed a Class Action Complaint against Defendant Walgreen Co. ("Defendant") in the United States District Court for the Eastern District of California, Case No. 2:18-cv-02910-MCE-DB (the "Action"). The Action alleges various claims based on the classification of Plaintiffs, and other Store Managers employed by Defendant in California, as exempt from the California wage and hour laws. Specifically, Plaintiffs' operative Amended Class Action Complaint asserted ten (10) causes of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay all wages when due; (4) failure to provide accurate itemized wage statements; (5) waiting time penalties; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; (8) unlawful business practices in violation of Business and Professions Code section 17200 *et seq.*; (9) failure to overtime wages; and (10) California Private Attorneys General Act of 2004 ("PAGA") penalties recoverable for any of the foregoing claims.

Defendant disputes the allegations in the Action, denies any liability and believes that Store Managers have been properly classified as exempt under California wage and hour laws at all times based on their management responsibilities. In addition, Defendant denied, and continues to deny, that the Action could or should be certified to proceed as a class action.

## 3. WHY IS THERE A SETTLEMENT?

The Court has not found that Defendant did anything wrong by classifying the store manager position as exempt in California. Plaintiffs think they would have prevailed on their claims at a trial. Defendant does not think Plaintiffs would have won anything from a trial because Defendant has asserted legal and factual defenses to the claims and the alleged misclassification of its Store Managers in California. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, risks and uncertainty of a trial, and the people affected will get compensation. Plaintiffs and Class Counsel think the settlement is fair, reasonable, adequate and in the best interests of all members of the Class.

## 4.    SUMMARY OF THE SETTLEMENT

### A.    Who is in the Settlement Class?

All current and former employees who work/worked for Walgreens in the State of California as Store Managers (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA ) at any time between October 16, 2014 and _____, 2020, and who do not opt out of the settlement as explained below would be part of the "Settlement Class" (also referred to as a "Settlement Class Member").    The period of time between October 16, 2014 and _____, 2020 is referred to as the "Class Period."

### B.    Who are the attorneys representing the parties?

| Class Counsel | Counsel for Defendant |
|---|---|
| **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP** <br> Chiharu Sekino <br> csekino@sfmslaw.com <br> 1230 Columbia Street, Suite 1140 <br> San Diego, CA 92101 <br> Telephone:  (619) 235-2416 <br> Facsimile:   (866) 300-7367 <br><br> James C. Shah <br> jshah@sfmslaw.com <br> 1845 Walnut Street, Suite 806 <br> Philadelphia, PA 19103 <br> Telephone:  (610) 891-9889 <br> Facsimile:   (866) 300-7367 <br><br> **EDGAR LAW FIRM LLC** <br> John F. Edgar <br> jfe@edgarlawfirm.com <br> Brendan McNeal <br> bmm@edgarlawfirm.com <br> 2600 Grand Boulevard <br> Kansas City, MO 64108 <br> Telephone:  (816) 531-0033 <br> Facsimile:    (816) 531-3322 | **BRYAN CAVE LEIGHTON PAISNER LLP** <br> Allison C. Eckstrom <br> allison.eckstrom@bclplaw.com <br> Christopher J. Archibald <br> christopher.archibald@bclplaw.com <br> 3161 Michelson Drive, Suite 1500 <br> Irvine, CA  92612-4414 <br> Telephone:  (949) 223-7000 <br> Facsimile:  (949) 223-7100 |

**C.    What does the settlement provide?**

The Settlement establishes a fund for the benefit of the Settlement Class of total consideration of six million dollars ($6,000,000.00) (the "Maximum Settlement Amount"). The Defendant shall pay, or cause to be paid, cash compensation to each Settlement Class Member based on the number of workweeks in which each Settlement Class Member worked during the Class Period ("Compensable Workweeks"). The identified Settlement Class Members shall receive a pro rata share of the Net Settlement Amount, which is calculated after deducting costs of administration and attorneys' fees and Class Representative fees, and the payment of $50,000.00 to the California Labor & Workforce Development Agency, as set forth in detail below.

Settlement Class Members are not required to submit a proof of claim form as a condition of receiving an Individual Settlement Payment. Instead, Settlement Class Members will automatically receive an Individual Settlement Payment based on the number of Compensable Workweeks set forth below unless they timely opt out of the Settlement.

Compensable Workweeks will be separately and distinctly calculated for each Settlement Class Member. Only Settlement Class Members who can be identified by the Settlement Administrator will receive a Settlement Payment. No Settlement Payments will be sent to any Settlement Class Member for whom a current address has not been identified.

If any Settlement Class Member does not cash his/her settlement check within one hundred eighty (180) Days after the Settlement Administrator mails the Settlement Payment to the Settlement Class Member, the Settlement Administrator shall transmit the Settlement Payment to the National Association of Minority and Women Owned Law Firms (NAMWOLF). No monies from uncashed checks will be returned to Walgreens.

**D.    What will I get?**

The records of the Defendant indicate that, during the Class Period, the number of workweeks that you worked was:

| Compensable Workweeks |
|---|
|  |

Based on this number of Compensable Workweeks, it is estimated that your Individual Settlement Payment will be $_____.

The Individual Settlement Payment shall be determined by dividing the Net Settlement Amount distributable to the Settlement Class by the total Compensable Workweeks that have accrued for the Settlement Class during the Class Period, and multiplying that amount by the number of Compensable Workweeks applicable to the individual Settlement Class Member.

If you dispute the number of Compensable Workweeks, you must notify the Settlement Administrator in writing of this dispute and provide documents (*e.g.,* payroll records) evidencing your claim within thirty (30) days of the date of this Notice. Any dispute over the number of Compensable Workweeks that cannot be resolved by the parties shall be submitted to the Settlement Administrator for a final and binding determination.

All Individual Settlement Payments shall be allocated as follows: twenty percent (20%) of the Net Settlement Amount shall be allocated to wages, subject to applicable withholdings, to be reported on a W-2 form; and the remainder to penalties (40%)and interest (40%), not subject to withholdings and reported on a 1099 form to be issued by the Settlement Administrator. No taxes will be withheld or paid by Defendant with respect to any payments allocated as penalties or interest. Each individual Settlement Class Member shall be responsible for his/her share of taxes due on the portion of his or her Settlement Payment

The Settlement Agreement is available at www.XXXXXXXXXXXXXX.com. The Settlement Agreement provides more detail regarding the allocation of the settlement award, so read it carefully. You can talk to the law firms representing the Class for free, or you can, at your own expense, talk to your own accountant or lawyer if you have any questions.

### E.    What is the payment to the Class Representative?

Subject to Court approval, Plaintiffs will be paid "Class Representative Enhancements" in an amount up to ten thousand dollars ($10,000.00) per Plaintiff for their service as class representatives, providing Defendant with a general release of any claims they may have, as well as their willingness to accept the risk of paying Defendant's attorneys' fees and costs in the event of an unsuccessful outcome.

### F.    How will Class Counsel be paid?

Class Counsel will apply to the Court for an award of reasonable attorneys' fees in an amount up to twenty-five percent (25%) of six million dollars ($6,000,000.00) recovered for the Class (*i.e.*, $1,500,000.00) and reasonable costs of up to $55,000 ("Class Counsel Award").

### G. <u>What are you giving up to get a payment or stay in the Class?</u>

The Settlement is intended to settle all claims against Defendant and its past, present and/or future, direct and/or indirect, parents, predecessors, successors, all affiliates, subsidiaries, officers, directors, agents, employees, and stockholders ("Released Parties") that were plead or could have been plead under the Labor Code, Wage Orders, or state or local wage and hour laws, based on the facts alleged in the Action.

If you do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into the release of claims and to have released your claims against the Released Parties.

Plaintiffs and the Settlement Class Members fully and finally release, the Released Parties, from the following claims: any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have arisen out of the same facts alleged in the Action, including, but not limited to: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay all wages when due; (4) failure to provide accurate include, without limitation, claims that were raised, or that reasonably could have been raised, under the applicable Wage Orders and California Labor Code provisions, including itemized wage statements; (5) waiting time penalties; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; (8) unlawful business practices in violation of Business and Professions Code section 17200 *et seq.*; (9) failure to pay overtime wages; and (10) PAGA penalties recoverable for any of the foregoing claims. This Release shall Labor Code §§ 201-202, 203, 226, 226.7, 510, 512, 1182.11-1182.13, 1194, 1194.2, 1197, 1198, and/or 2698 *et seq.*, based on alleged violations of these Labor Code provisions (collectively, the "Released Claims").

This means that, if you currently have a case pending, or plan to file a case based on the above claims, you must exclude yourself from this class action in order to proceed on your own. You will be solely responsible for the costs of hiring your own attorney and proceeding on your own. If you wish instead to receive the benefits of this Settlement, and waive your right to proceed on your own, you should participate in this Settlement (do not exclude yourself).

The Settlement Agreement is available at www.XXXXXXXXXXXXXXX.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## 5.  THE SETTLEMENT HEARING

The Court will conduct a final fairness hearing regarding the proposed Settlement (the "Final Approval/Settlement Fairness Hearing") on _____ ___, _____, at _____ _.m., in Courtroom 7, 14th floor of United States District Court for the Eastern District of California, 501 I Street Sacramento, California 95814.  The Court will determine:  (i) whether the Action should be finally certified as a class action solely and exclusively for Settlement purposes; (ii) whether the Settlement should be given the Court's final approval as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and if so, whether to enter a judgment fully and finally resolving Plaintiffs' and Settlement Class Members' claims against Defendant; (iii) whether the Settlement Class Members should be bound by the terms of the Settlement, including the release of claims; (iv) the amount of the attorneys' fees and expenses to be awarded to Class Counsel; and (v) the amount that should be awarded to Plaintiffs for the Class Representative Enhancements.  At the Final Approval/Settlement Fairness Hearing, the Court will hear all timely and properly filed objections, as well as arguments for and against the proposed Settlement.  Assuming you do not elect to exclude yourself from the Settlement, you have a right to attend this hearing, but you are not required to do so.  You also have the right to hire an attorney to represent you, or to enter an appearance and represent yourself if you properly objected to the Settlement as set forth below.  The Court has reserved the right to adjourn the Final Approval/Settlement Fairness Hearing to consider any issue, without further notice of any kind.

## 6.  WHAT ARE YOUR OPTIONS?

**OPTION 1 – *REMAIN A SETTLEMENT CLASS MEMBER*.  IF YOU WISH TO REMAIN A SETTLEMENT CLASS MEMBER AND OBTAIN ANY SHARE OF THE SETTLEMENT THAT YOU MAY BE ENTITLED TO RECEIVE, YOU DO NOT NEED TO DO ANYTHING OTHER THAN MAKE SURE THE SETTLEMENT ADMINISTRATOR HAS YOUR CURRENT**

**ADDRESS.  <u>YOU ARE NEVER REQUIRED TO GO TO COURT OR PAY ANYTHING TO THE LAWYERS IN THIS CASE.</u>**  If the Court approves the proposed Settlement, you automatically will be mailed your share of the Settlement proceeds.  If the Court does not approve the Settlement, the lawsuit will continue, and you may or may not be designated a Class Member at a later time.  If your address information is incorrect or you move, provide your current address to: Simpluris (the "Settlement Administrator") at P.O. Box 26170 Santa Ana, CA 92799.

**OPTION 2 – *REMAIN A SETTLEMENT CLASS MEMBER AND OBJECT TO THE SETTLEMENT.***

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object in writing.

Your written objection must: (a) clearly identify the case name and number (*Gloria Caves, et al. v. Walgreen Co.*, Case No. 2:18-cv-02910-MCE-DB), b) state with specificity the ground for the objection, (c) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, (d) state whether the Settlement Class Member intends to appear at the Final Approval/Settlement Fairness Hearing and whether the Class member will be represented by separate counsel; (e) be signed by the Settlement Class Member; (f) provide a list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; and (g) be submitted to the Court either by mailing it to the Class Action Clerk, United States District Court for the Eastern District of California, 501 I Street Sacramento, California 95814, or by filing it in person at any location of the United States District Court for the Eastern District of California.  To object, you must submit the written objection and notice of intent to appear at the Final Approval/Settlement Fairness Hearing to Simpluris, Settlement Administrator,  P.O. Box 26170 Santa Ana, CA 92799.

To be valid and effective, all objections to approval of the Settlement and all notices of intention to appear must be postmarked to the Settlement Administrator no later than _____ \_\_\_, _____. DO NOT CONTACT THE COURT. Any Settlement Class Member who fails to object to the proposed Settlement as described above will lose the right to object to it.

**OPTION 3 –** *EXCLUDE YOURSELF FROM THE CLASS*.  You have a right to exclude yourself ("opt out") from the Class, but if you choose to do so, **YOU WILL NOT RECEIVE ANY BENEFITS FROM THE PROPOSED SETTLEMENT AND YOU WILL NOT HAVE STANDING TO OBJECT TO THE SETTLEMENT.**  You will not be bound by a judgment in this case, you will not release your claims against the Defendant, and you will have the right to file your own lawsuit against the Defendant and pursue your own claims at your own expense, in a separate suit.  If you want to exclude yourself from the Class, you must complete and sign a written request for exclusion containing your name, address and telephone number to:  Simpluris, Settlement Administrator, P.O. Box 26170 Santa Ana, CA 92799.   Your written request for exclusion must be postmarked on or before _____ ___, _____  and received by the Settlement Administrator.   Any request for exclusion post-marked after this date or not received by the Settlement Administrator shall be of no force and effect.

A request for exclusion signed only by a representative or attorney for the Class Member is not valid.  A single written letter or request for exclusion submitted on behalf of more than one Class Member will be deemed invalid.  Mass or class opt-outs shall will be deemed invalid.

## 7.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement, approval papers, and any attorneys' fee motions available at www._____.com, by contacting Class Counsel at their contact information above, the Settlement Administrator at  P.O. Box 26170 Santa Ana, CA 92799, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of California, 501 I Street Sacramento, California 95814, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES REGARDING THIS LITIGATION SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR:**

Simpluris
P.O. Box 26170
Santa Ana, CA 92799

You may also call Class Counsel listed above.  **PLEASE DO NOT CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION.**

# Exhibit 2

Chiharu Sekino (SBN 306589)
csekino@sfmslaw.com
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: 619-235-2416
Facsimile: 866-300-7367

Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR

James C. Shah (SBN 260435)
jshah@sfmslaw.com
**SHEPHERD FINKELMAN MILLER & SHAH, LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: 610-891-9889
Facsimile: 866-300-7367

Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR

[*Additional Counsel for Plaintiffs and Counsel for Defendant listed on the next page*]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>WALGREEN CO.,<br><br>                    Defendant. | Case No. 2:18-cv-02910-MCE-DB<br><br>**FINAL APPROVAL ODER AND JUDGMENT**<br><br>Hon. Morrison C. England, Jr. |

*BRYAN CAVE LEIGHTON PAISNER LLP*
*3161 MICHELSON DRIVE, SUITE 1500*
*IRVINE, CA 92612-4414*

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  John F. Edgar (*pro hac vice* to be submitted)
2  jfe@edgarlawfirm.com
   Brendan McNeal (*pro hac vice* to be submitted)
3  bmm@edgarlawfirm.com
4  **EDGAR LAW FIRM LLC**
   2600 Grand Boulevard
5  Kansas City, MO 64108
   Telephone: 816-531-0033
6  Facsimile: 816-531-3322
7
8  Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR
9  Allison C. Eckstrom, California Bar No. 217255
10 allison.eckstrom@bclplaw.com
   Christopher J. Archibald, California Bar No. 253075
11 christopher.archibald@bclplaw.com
12 **BRYAN CAVE LEIGHTON PAISNER LLP**
   3161 Michelson Drive, Suite 1500
13 Irvine, CA  92612-4414
   Telephone:  (949) 223-7000
14 Facsimile:  (949) 223-7100
15
   Attorneys for Defendant
16 WALGREEN CO.
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   This matter came on for hearing on _____, 2020, on Gloria Caves

2   and Tamim Kabir's ("Plaintiffs" or "Class Representatives") Motion for Attorneys'

3   Fees and Costs and unopposed Motion for Final Approval of Class Action Settlement

4   and for Judgment in this action on the terms set forth in the Joint Stipulation of Class

5   Action Settlement (the "Settlement Agreement"), attached hereto as Exhibit 1.  Due

6   and adequate Notice having been given to the members of the Class, and the Court

7   having considered the Settlement Agreement, all papers and proceedings held herein,

8   and all oral and written comments received regarding the proposed Class Settlement,

9   and having reviewed the entire record in this action, *Gloria Caves, et al. v. Walgreen*

10  *Co.*, Case No. 2:18-cv-02910-MCE-DB ("the Action"), and good cause appearing,

11  finds that:

12      WHEREAS, Plaintiffs have alleged claims against Defendant Walgreen Co. on

13  behalf of themselves and all current and former employees who work/worked for

14  Defendant in the State of California as a Store Manager any time between October

15  16, 2014 and _____, 2020; and

16      WHEREAS, Plaintiffs asserted claims for: (1) failure to provide meal periods;

17  (2) failure to authorize and permit rest periods; (3) failure to pay all wages when due;

18  (4) failure to provide accurate itemized wage statements; (5) failure to pay overtime

19  wages; (6) waiting time penalties; (7) breach of contract; (8) breach of implied

20  covenant of good faith and fair dealing; and (9) unlawful business practices in

21  violation of Business and Professions Code section 17200 *et seq.*  Plaintiffs further

22  asserted a claim that Defendant is liable for penalties under the California Private

23  Attorneys General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, *et seq.*) because

24  of Defendant's alleged violations of the California Labor Code and California

25  Industrial Welfare Commission Wage Orders; and

26      WHEREAS, Defendant expressly denies the allegations of wrongdoing and

27  violations of law alleged in this Action and further denies any liability whatsoever to

28  Plaintiffs or to the Class Members; and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  WHEREAS, without admitting any liability, claim or defense, the Parties
2  determined that it was mutually advantageous to settle this Action and avoid the costs,
3  delay, uncertainty and business disruption of ongoing litigation; and

4  WHEREAS, this Court granted approval of the PAGA Settlement and
5  preliminary approval of the parties' Settlement in this Action on _____, 2020
6  ("Preliminary Approval Order"); and

7  WHEREAS, the Class Notice was sent to the Class Members in accordance
8  with the Preliminary Approval Order; and

9  WHEREAS, a fairness hearing on the proposed Class Settlement having been
10  duly held and a decision reached,

11  NOW, therefore, the Court grants final approval of the Class Settlement, and
12  IT IS HEREBY ORDERED THAT:

13  1.    For the purposes of this Order, the Court hereby adopts all defined terms
14  as set forth in the Settlement Agreement.

15  2.    The Court has personal jurisdiction over all Parties and Class Members
16  and jurisdiction over the subject matter of this Action.

17  3.    The Court has determined that the direct mail Class Notice given to the
18  Class Members fully and accurately informed all Class Members of all material
19  elements of the proposed Class Settlement — including the plan of distribution of
20  Maximum Settlement Fund, the PAGA Payment, the application for Class
21  Representative Enhancements to Plaintiffs, and the application for Class Counsels'
22  Award — constituted the best notice practicable under the circumstances, constituted
23  valid, due and sufficient notice to all Class Members, and complied fully with Rule
24  23 of the Federal Rules of Civil Procedure, the United States Constitution, and any
25  other applicable laws.

26  4.    The Court hereby grants final approval of the Class Settlement as fair,
27  reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of
28  the Federal Rules of Civil Procedure, and orders the Parties and the Settlement

2

Administrator to implement all remaining terms of the Settlement Agreement, including those pertaining to the distribution of the Maximum Settlement Fund and Net Settlement Amount in accordance with the terms of the Settlement Agreement.

5.      The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

"All current and former employees who work/worked for Walgreens in the State of California as store managers and were assigned to work at multiple locations at any time between October 16, 2014 and _____, 2020."

7.      Attached hereto and incorporated into this Order as Appendix A is a schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class. Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Agreement.

8.      Based upon the Court's familiarity with the claims and parties, the Court finds that Gloria Caves and Tamim Kabir adequately represent the interests of the Settlement Class and hereby appoints them as Class Representative for the Settlement Class.

9.      As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Shepherd, Finkelman, Miller & Shah, LLP and Edgar Law Firm LLC pursuant to Rule 23. The Court finds that the firms fairly and adequately represent the interests of the Settlement Class.

10.      The Court approves payment of the Class Representative Enhancements

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    of $10,000.00 to each Plaintiff, totaling $20,000.00, for their service to the Class,

2    which shall be paid from, and not in addition to, the Maximum Settlement Fund.

3        11.    The Court approves the payment of attorneys' fees in the amount of

4    $1,500.000.00 to Class Counsel, which shall be paid from, and not in addition to, the

5    Maximum Settlement Fund.

6        12.    The Court also approves the additional payment of attorneys' costs in the

7    amount of $55,000.00 to Class Counsel to reimburse them for their expenses, which

8    shall be paid from, and not in addition to, the Maximum Settlement Fund.

9        13.    The Court approves a payment of up to $25,000.00 to the Settlement

10    Administrator out of the Maximum Settlement Fund.  Any portion of the payment to

11    the Settlement Administrator that is unused will go to the Net Settlement Amount.

12        14.    Any checks for Individual Settlement Payments that are not cashed

13    within 180 days shall be transmitted to the National Association of Minority and

14    Women Owned Law Firms (NAMWOLF).

15        15.    All claims asserted in this Action are **DISMISSED WITH**

16    **PREJUDICE** as to Plaintiffs and the Settlement Class Members pursuant to the terms

17    of the Settlement Agreement.  Each party shall bear his, her or its own costs and

18    attorneys' fees, except as provided in the Settlement Agreement and as set forth above

19    in this Order and as set forth in any other Order issued in response to the application

20    by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings

21    took place concurrently with the hearing for this Order.

22        16.    Upon entry of this Order and the accompanying Judgment, the claims in

23    this Action and the Released Claims of each Settlement Class Member against

24    Defendant, and against any and all of the Released Parties as defined in the Settlement

25    Agreement, are fully, finally, and forever released, relinquished and discharged

26    pursuant to the terms of the Settlement Agreement to the maximum extent permitted

27    by law.

28        17.    Upon entry of this Order and the accompanying Judgment, all Settlement

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

4

Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order.

18.    Each Settlement Class Member is bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

19.    This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

20.    The operative complaint in this action, the Amended Complaint [ECF   ] is dismissed with prejudice, and the claims against Defendant are released.

21.    The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

22.    Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiffs, the Settlement Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Maximum Settlement Fund, the Final Judgment, and this Order.


      IT IS SO ORDERED.


Dated: _____, 2020

                                    _____
                                    THE HONORABLE MORRISON C.
                                    ENGLAND, JR.
                                    UNITED STATES DISTRICT COURT
                                    JUDGE

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT