UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Case No. 2:18-cv-02910-MCE-DB<br><br>**AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**<br><br>Judge: Hon. Morrison C. England, Jr.<br>Hearing: August 6, 2020<br>Time: 2:00 p.m.<br>Courtroom: 7, 14th Floor |

Plaintiffs moved this Court for an Order preliminarily approving the Parties' settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). ECF No. 32. Walgreen Co. ("Walgreens" or "Defendant") joined in Plaintiffs' request for an order preliminarily approving the Parties' settlement. Upon considering the Motion, the Parties' Class Action Settlement Agreement and Release and all exhibits thereto (collectively, the "Settlement

Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1. The Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement filed herewith.

2. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Program.[1] This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is good cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed Settlement, and ultimately approve the Settlement.

3. The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria: "All current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA) at any time during the Class Period and who do not submit a timely and valid Request for Exclusion, as provided in this Agreement, or who did not previously release the Released Claims under a separate agreement.

4. If, for any reason, the proposed Settlement is not approved, any order certifying

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

2:18-cv-02910-MCE-DB         PRELIMINARY APPROVAL ORDER              2

a Settlement class shall be vacated *nunc pro tunc* and the litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

5. In making the findings set forth in Paragraph 3, the Court has exercised its discretion in certifying the Settlement Class on a statewide basis. Named Plaintiffs Gloria Caves and Tamim Kabir are designated as the Class Representatives.

6. The Court hereby appoints the following attorneys as counsel for the Settlement Class: James C. Shah of Shepherd, Finkelman, Miller & Shah, LLP, and John F. Edgar of Edgar Law Firm, LLC (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court finds that Shepherd, Finkelman, Miller & Shah, LLP, and Edgar Law Firm have extensive class action experience and are capable of serving as Class Counsel.

7. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

8. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim

preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

9. The Notice and provisions for disseminating notice substantially as described in and attached to the Settlement Agreement are hereby approved. The Court approves the Notice attached as Exhibit 1 to the Settlement Agreement. This Notice (a) provides the best practicable notice, (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and all other applicable laws.

10. Simpluris (herein referred to as "Claims Administrator"), selected pursuant to the terms of the Settlement Agreement, shall be responsible for providing notice of the proposed Settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement and to the appropriate state and federal officials as directed under the Class Action Fairness Act (28 U.S.C. § 1715).

11. The Claims Administrator shall mail the Notice to the identified Settlement Class Members per the Notice Program within thirty (30) days of the entry of this Order. On the same date, the Claims Administrator will make an informational settlement website available to the public, which website will include a copy of this order, the Notice, the Settlement Agreement, and other important documents as set forth in the Notice.

12. Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion (as described in the Notice and Settlement Agreement) by sending

it to Simpluris, by First-Class U.S. mail to the address provided in the Notice. Requests for exclusion must contain all information described in the Settlement Agreement. The envelope containing the Request for Exclusion must be postmarked on or before 45 days from the Notice Date.  The Court shall rule on the validity of exclusions at the Final Approval Hearing.

13. Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall remain a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court. Objections must contain all information described in the Settlement Agreement. The envelope containing the Objection to the Settlement must be postmarked on or before 45 days from the Notice Date.  Only Settlement Class Members may object to the Settlement.  A copy of such papers being filed in support of any Objection shall also be mailed to Simpluris, Settlement Administrator, P.O. Box 26170 Santa Ana, CA 92799.

15. Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the Settlement.

16. Any objecting Settlement Class Member may appear at the Final Approval Hearing on the fairness of the proposed settlement held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs

and expenses; provided, however, that the objecting Settlement Class Member must mail or file with the Clerk of the Court, a notice of intention to appear at the Final Approval Hearing (a "Notice of Intention to Appear") on or before the date set forth in the Notice, which shall be no later than 45 days from the Notice Date.  The Notice of Intention to Appear must include all information and documents required by the Settlement Agreement. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, and who has not filed an Objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, will be barred from speaking or otherwise presenting any views at any Final Approval Hearing.

17. No less than ten (10) days prior to the Final Approval Hearing, the Claims Administrator will provide to the Parties a declaration attesting that Class Notice was disseminated in a manner consistent with the terms of the Settlement Agreement.

18. The Claims Administrator shall also have the obligations otherwise enumerated in the Settlement Agreement.

19. Class Counsel shall file with the Court their petition for payment of attorneys' fees and reimbursement of litigation costs and expenses no later than fifteen (15) days prior to the Objection and Opt out deadline.

20. At least twenty-eight (28) days prior to the date set for the Final Approval Hearing, Plaintiff shall file a motion for judgment and final approval of the Settlement.  The Parties shall file their briefs in support of settlement approval, as well as any supplemental briefs supporting Class Counsel's motion for attorneys' fees and reimbursement of litigation costs, at that time. The briefing shall include the Parties' responses to any Objections, as well as

2:18-cv-02910-MCE-DB
PRELIMINARY APPROVAL ORDER
6

a declaration setting forth the number of Settlement Class members who opted-out of the Settlement Class. Such briefing shall be served on any other attorneys who have entered an appearance in this proceeding, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

If any Settlement Class Members object or opt-out after Plaintiff files the motion for final approval, the Parties shall file supplemental briefing no later than seven (7) days prior to the date set for the Final Approval Hearing, setting forth the Parties' responses to such Objections and the number of opt-outs.  If appropriate, the parties shall include supplemental briefing on Class Counsel's motion for attorneys' fees at that time.

21. On February 11, 2021, the Court will hold the Final Approval Hearing, which shall be held in the United States District Court for the Eastern District of California, 501 I Street Sacramento, California 95814, at a time to be set forth in the Mailed Notice.  The Final Approval Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with this Order.  At the Final Approval Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court.  At the Final Approval Hearing, the Court will also consider the amount of attorneys' fees and expenses that should be awarded to Class Counsel.

22. Pending further orders by this Court, all proceedings in this case shall be stayed, except for proceedings pursuant to this Order.  A stay is warranted because it will conserve the parties' and various courts' resources, minimize interference with this Court's ability to rule on the proposed Settlement, and preserve the Settlement for a short period of time while Settlement

Class Members receive notice and evaluate their options.  A standstill of litigation will be efficient, promotes the public policy favoring settlement, and aids resolution of claims on a statewide basis, which is in the public interest.

23. As directed in Paragraph 3, the class is provisionally certified, and all members of the Settlement Class under the jurisdiction of this Court are enjoined from commencing and thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on or relating to personal injury or wrongful death), in any jurisdiction or court against Defendant or the Released Parties relating to or arising out of the subject matter of this action until such time as the class is decertified or pursuant to further orders of this Court.

24. The Court expressly reserves its right to change the date of the Fairness Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without further notice to Class Members. Any new date shall be posted on the Settlement Website. The Parties shall be permitted to make any non-substantive corrections or changes to the Notice to the Class and other Settlement documents without seeking further approval of the Court.

25. Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

///

///

///

///

///

///

26. The Court has received filings on behalf of various "class members and objectors" filed at ECF Nos. 34, 41. These individuals are not party to this action, and it is premature for the Court to entertain their objections and any requests included therein. Accordingly, those filings at ECF Nos. 34 and 41 are hereby STRICKEN.

IT IS SO ORDERED.

Dated: August 21, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE