UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., et al.,<br><br>Defendant. | No.  2:18-cv-2910 MCE DB<br><br><br><br>ORDER |

On March 9, 2021, objector Barbarito Ruan Vasquez filed a motion to compel and noticed the motion for hearing before the undersigned on April 2, 2021, pursuant to Local Rule 302(c)(1). (ECF No. 74.)  In connection with this motion the parties filed two separate Joint Statement Re: Discovery Disagreement.  (ECF Nos. 76 & 77.)  The parties are advised that the undersigned's Standard Information re discovery disputes set forth on the court's web page explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1] See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Here, each of the statements exceeds the undersigned's twenty-five-page limit.  And the parties are advised that the twenty-five-page limit applies to each discovery

---

[1] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.

1

1 | motion.  If a party believes separate joint statements are justified, the party shall file and notice
2 | for hearing separate motions to compel.²

3 |       Moreover, plaintiffs allege that objector "never even attempted to meet and confer with
4 | Plaintiffs prior to filing" the motion to compel.  (JS (ECF No. 77) at 12.)  The parties are advised
5 | that the undersigned's Standard Information explains that parties must meet and confer prior to
6 | filing a discovery motion and "must again confer in person or via telephone or video
7 | conferencing" prior to the filing of the joint statement.  See
8 | http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-
9 | judge-deborah-barnes-db.

10 |       In addition to these defects, the undersigned notes that on August 13, 2020, the assigned
11 | District Judge issued an order granting preliminary approval of the parties' settlement agreement
12 | in this class action.  (ECF No. 44.)  A hearing on the final approval of the settlement agreement is
13 | pending.  (ECF No. 67.)  The settlement of class actions is supported by strong judicial policy.
14 | Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  Accordingly, "[c]lass
15 | members who object to a class action settlement do not have an absolute right to discovery; the
16 | Court may, in its discretion, limit the discovery or presentation of evidence to that which may
17 | assist it in determining the fairness and adequacy of the settlement."  Hemphill v. San Diego
18 | Ass'n of Realtors, Inc., 225 F.R.D. 616, 619 (S.D. Cal. 2005).

19 |       Whether discovery should be permitted turns on "[w]hether or not the District Court had
20 | before it sufficient facts intelligently to approve the settlement offer.  If it did, then there is no
21 | reason to hold an additional hearing on the settlement or give appellants authority to renew
22 | discovery."  In re General Tire and Rubber Co. Securities Litigation, 726 F.2d 1075, 1084 (6th
23 | Cir. 1984).  While the "trial court must extend to the objectors leave to be heard" it is not
24 | "required to open to question and debate every provision of the proposed compromise."  Cotton v.
25 | Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977); see also Lobatz v. U.S. West Cellular of California,
26 | Inc., 222 F.3d 1142, 1148 (9th Cir. 2000) ("We agree with the Seventh Circuit that discovery of

---

² In managing the law and motion calendar, the undersigned may elect to hear separate motions on separate hearing dates.

settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.").

Even limited discovery disputes can result in the expenditure of considerable resources and significant delay. And here, objectors are seeking "any and all" documents and communications exchanged between plaintiffs and defendant, and more. (JS (ECF No. 77) at 6.) While a motion to compel is appropriately noticed for hearing before the undersigned, (see ECF No. 65), as plaintiffs note objector "failed to seek leave of court" from the assigned District Judge prior to serving the discovery requests at issue.

In this regard, the assigned District Judge should first have an opportunity to decide if any discovery is even necessary and/or what the scope of that discovery should be before the undersigned rules on a discovery dispute that may contribute to the expenditure of resources and delay the resolution of this action. See True v. American Honda Motor Co., 749 F.Supp.2d 1052, 1081 n.31 (C.D. Cal. 2010) ("The Court further finds no additional discovery is needed as to class counsels' time and expense in this case, in light of the evidence produced in connection with the motion for attorneys' fees and the Court's deferral of any issues regarding fees to a later date."); Wixon v. Wyndham Resort Development Corp., No. C 07-2361 JSW, 2011 WL 3443650, at *2 (N.D. Cal. Aug. 8, 2011) ("the Court concludes that the discovery Ms. Smith-Fallgren and Mr. Miller request primarily pertains to the merits of the case and would not assist in evaluating whether the Settlement Agreement should be approved").

Accordingly, IT IS HEREBY ORDERED that:

1. Objector's March 9, 2021 motion to compel (ECF No. 74) is denied without prejudice to renewal; and

2. The April 2, 2021 hearing of objector's motion is vacated.

DATED: March 29, 2021                   /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/caves2910.pg.den.ord