Ray E. Gallo (SBN 158903)
rgallo@gallo.law
GALLO LLP
100 Pine St., Suite 1250
San Francisco, CA 94111
Phone: 415.257.8800

Edward J. Wynne (SBN 165819)
ewynne@wynnelawfirm.com
George R. Nemiroff (SBN 262058)
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E Sir Francis Drake Blvd, Suite 3G
Larkspur CA 94939
Phone: 415-461-6400

Attorneys for Objector
Barbarito Ruan Vasquez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Case No.  2:18-cv-02910-MCE-DB<br><br>Hon. Morrison C. England, Jr.<br><br>**OBJECTIONS OF GALLO AND WYNNE TO ECF 83-1 AND 83-2, PROPOSED ORDERS SUBMITTED BY THE PARTIES IN CONNECTION WITH THEIR STIPULATION TO LIFT THE STAY AND ENTER ORDERS RE "CORRECTIVE NOTICE"** |

Ray E. Gallo ("Gallo") and Edward J. Wynne ("Wynne"), for themselves and for the benefit of certain of their clients and former clients, object to the parties' alternative proposed orders, ECF 83-1 and ECF 83-1, as follows.

1. **Introduction**

Gallo and Wynne have, since our last filing before this Court, terminated our representation of all *Caves* class members, except Objector Barbarito Ruan Vasquez. As to Mr. Vasquez, a motion to withdraw as counsel of record in this action is or shortly will be on file. We continue to represent opt outs from *Caves* in *Aguilar, et al. v. Walgreen Co.*, U.S. District Court for the Northern District of California Case No. 3:20-cv-00124-MMC.

We owe certain duties to even to our former clients, including the duty to protect our clients' attorney-client privileged communications with us.

2. **Objections to ECF 83-1**

ECF 83-1, submitted by provisionally appointed class counsel, unnecessarily and improperly asks that this Court to order Gallo and Wynne to identify which of their clients the "unapproved notice" (our privileged legal advice to our clients) was sent to. The administrator in this action, Simpluris, sent that advice to 52 of our clients at our request. (Class Counsel knows this, they have complained to this Court of the purported impropriety of us using Simpluris for that purpose.) When this Court determines the form of "corrective notice," Simpluris can send that notice to the appropriate individuals without identifying to putative class counsel which of our clients the "unapproved notice" (privileged legal advice) was sent to. There is, accordingly, no need for ordering disclosure of this attorney-client privileged information, and any order requiring that disclosure would be improper.

Gallo and Wynne further object to ECF 83-1's request that the Court enter Plaintiff's proposed order re "corrective notice." ECF 69-1, Class Counsel's proposed form of "corrective notice," by its content and even more by its omissions, would mislead proposed class members. See ECF 70 and Exhibit 1 to ECF 70 (incorporated by this reference to avoid repeating in detail the arguments made there).

Any "corrective notice" concerning our privileged advice to our clients should be neutral, accurate, and not misleading. ECF 70. Accordingly, this Court instead should order the proposed form of "corrective notice" lodged by Gallo and Wynne as Exhibit 1 to ECF 70, which provides the information necessary to present Class Counsel's view of the "unapproved notice" *without* grossly misleading the recipients by omitting highly material information that is strictly necessary to an accurate understanding of the situation.

3.  **Objections to ECF 83-2**

ECF 83-2, submitted by Defendant Walgreens, asks that this Court sanction Walgreens's planned filing of an *ex parte* application expanding the scope of this Court's order for corrective notice to include individuals to whom the "unapproved notice" was *not* sent. (See also ECF 83, 2:15-22.) There is no exigency justifying addressing Walgreens's request on an *ex parte* basis. Walgreens has time for a fully noticed motion and the customary briefing and hearing schedule.

DATED: July 6, 2021                     RESPECTFULLY SUBMITTED,

                                                GALLO LLP
                                                THE WYNNE LAW FIRM

By: /s/ *Ray E. Gallo*
     Ray E. Gallo
     Counsel for Objector Barbarito Ruan Vasquez