James C. Shah (SBN 260435)
Chiharu G. Sekino (SBN 306589)
MILLER SHAH LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: 619-235-2416
Facsimile: 866-300-7367
Email: jcshah@millershah.com
　　　　cgsekino@millershah.com

*Attorneys for Plaintiffs GLORIA CAVES and TAMIM KABIR*

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA CAVES and TAMIM KABIR, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>WALGREEN CO.,<br><br>　　　　　　　　Defendant. | Case No. 2:18-cv-02910-MCE-DB<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Hon. Morrison C. England, Jr.<br><br>Judge: Hon. Morrison C. England, Jr.<br>Hearing: January 5, 2023<br>Time: 10:00 a.m.<br>Courtroom: 7, 14th Floor |

1   This matter came on for hearing on January 5, 2023, on Plaintiffs, Gloria Caves and Tamim
2   Kabir's ("Plaintiffs" or "Class Representatives") Motion for Attorneys' Fees and Costs [ECF 50]
3   and unopposed Motion for Final Approval of Class Action Settlement and for Judgment in this
4   action on the terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement
5   Agreement") [ECF 32-2].  Due and adequate Notice having been given to the members of the Class,
6   and the Court having considered the Settlement Agreement, all papers and proceedings held herein,
7   and all oral and written comments received regarding the proposed Class Settlement, and having
8   reviewed the entire record in this action, *Gloria Caves, et al. v. Walgreen Co.*, Case No. 2:18-cv-
9   02910-MCE-DB ("the Action"), and good cause appearing, this Court finds that:

10   WHEREAS, Plaintiffs have alleged claims against Defendant, Walgreen Co. ("Defendant"),
11   on behalf of themselves and all current and former employees who work/worked for Defendant in
12   the State of California as a Store Manager at any time between October 16, 2014 and August 24,
13   2020; and

14   WHEREAS, Plaintiffs asserted claims for: (1) failure to provide meal periods; (2) failure to
15   authorize and permit rest periods; (3) failure to pay all wages when due; (4) failure to provide
16   accurate itemized wage statements; (5) failure to pay overtime wages; (6) waiting time penalties;
17   (7) breach of contract; (8) breach of implied covenant of good faith and fair dealing; and (9) unlawful
18   business practices, in violation of Business and Professions Code section 17200, *et seq.*  Plaintiffs
19   further asserted a claim that Defendant is liable for penalties under the California Private Attorneys
20   General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, *et seq.*) because of Defendant's alleged
21   violations of the California Labor Code and California Industrial Welfare Commission Wage
22   Orders; and

23   WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of
24   law alleged in this Action and further denies any liability whatsoever to Plaintiffs or to the Class
25   Members; and

26   WHEREAS, without admitting any liability, claim or defense, the Parties determined that it
27   was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business
28   disruption of ongoing litigation; and

WHEREAS, this Court granted approval of the PAGA Settlement and preliminary approval of the Parties' Settlement in this Action on August 24, 2020 ("Preliminary Approval Order"); and

WHEREAS, Class Notice was sent to the Class Members in accordance with the Preliminary Approval Order; and

WHEREAS, subsequent to the distribution of the Class Notice, two individuals, Barbarito Ruan Vasquez ("Vasquez") [ECF 52] and Michael Shaw ("Shaw") [ECF 49 and 129], filed objections; and

WHEREAS, on December 15, 2022, Vasquez withdrew his objection, declaring that he, in fact, has "no objection" to the Settlement [ECF 126-1, ¶ 5], leaving only one objector to the Settlement; and

WHEREAS, a Fairness Hearing on the proposed Class Settlement, having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Settlement Agreement.

2. The Court has personal jurisdiction over all Parties and Class Members and jurisdiction over the subject matter of this Action.

3. The Court has determined that the direct mail Class Notice distributed to the Class Members fully and accurately informed all Class Members of all material elements of the proposed Class Settlement — including the plan of distribution of the Maximum Settlement Fund, the PAGA Payment, the application for Class Representative Enhancements to Plaintiffs, and the application for Class Counsel's Award — constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and fully complied with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4. The objections filed by Shaw [ECF 49 and 129] are overruled.

5. The Court hereby grants final approval of the Class Settlement as fair, reasonable

and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement, including those pertaining to the distribution of the Maximum Settlement Fund and Net Settlement Amount in accordance with the terms of the Settlement Agreement.

6. The plan of distribution as set forth in the Settlement Agreement, providing for the distribution of the Net Settlement Amount to Settlement Class Members, is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. As previously held in the Court's Preliminary Approval Order, the Class, for Settlement purposes, is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> All current and former employees who work/worked for Walgreens in the State of California as exempt Store Managers (and classified under job code TMG, MGR, RMGR, MGRX, MGR, MGRB, and MGRSA) at any time during the Class Period [at any time between October 16, 2014 and August 24, 2020] and who do not submit a timely and valid Request for Exclusion, as provided in this Agreement, or who did not previously release the Released Claims under a separate agreement.

8. Attached hereto and incorporated into this Order as **Appendix A** is a schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class. Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Settlement Agreement.

9. Based upon the Court's familiarity with the claims and Parties, the Court finds that Plaintiffs adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

10. As previously held in the Court's Preliminary Approval Order, the Court appoints Miller Shah LLP and Edgar Law Firm LLC as Class Counsel pursuant to Rule 23.  The Court finds that the firms fairly and adequately represent the interests of the Settlement Class.

11. The Court approves payment of the Class Representative Enhancements of $10,000.00 to each Plaintiff, totaling $20,000.00, for their service to the Class, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

12. The Court approves the payment of attorneys' fees in the amount of $1,500.000.00

1   to Class Counsel, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

2         13.    The Court also approves the additional payment of attorneys' costs in the amount of
3   $45,310.53 to Class Counsel to reimburse them for their expenses, which shall be paid from, and
4   not in addition to, the Maximum Settlement Fund.

5         14.    The Court approves a payment of up to $25,000.00 to the Settlement Administrator
6   out of the Maximum Settlement Fund. Any portion of the payment to the Settlement Administrator
7   that is unused will go into the Net Settlement Amount.

8         15.    Any checks for Individual Settlement Payments that are not cashed within 180 days
9   shall be transmitted to the National Association of Minority and Women Owned Law Firms
10  (NAMWOLF).

11        16.    All claims asserted in this Action are **DISMISSED WITH PREJUDICE** as to
12  Plaintiffs and the Settlement Class Members pursuant to the terms of the Settlement Agreement.
13  Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the
14  Settlement Agreement, as set forth above in this Order, and as set forth in any other Order issued in
15  response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses,
16  which hearings took place concurrently with the hearing for this Order.

17        17.    Upon entry of this Order and the accompanying Judgment, the claims in this Action
18  and the Released Claims of each Settlement Class Member against Defendant, and against any and
19  all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever
20  released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the
21  maximum extent permitted by law.

22        18.    Upon entry of this Order and the accompanying Judgment, all Settlement Class
23  Members are hereby forever barred and enjoined from prosecuting the Released Claims against any
24  of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary
25  Approval Order.

26        19.    Each Settlement Class Member is bound by this Order and the Judgment, including,
27  without limitation, the release of claims as set forth in the Settlement Agreement.

28        20.    This Order, the Judgment, the Settlement Agreement, and all papers related thereto,

1  are not, and shall not be construed to be, an admission by Defendant of any liability, claim or
2  wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or
3  wrongdoing in this Action or in any other proceeding.

4      21.     The operative complaint in this action, the Amended Complaint [ECF 43], is
5  dismissed with prejudice, and the claims against Defendant are released.

6      22.     The Parties are authorized, without further approval from the Court, to agree to and
7  to adopt such amendments, modifications, and expansions of the Settlement as are consistent with
8  the Final Approval Order and Judgment.

9      23.     Without affecting the finality of this Order and the accompanying Judgment filed
10 herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiffs,
11 the Settlement Class Members, and Defendant for the purposes of supervising the implementation,
12 enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval
13 Order, distribution of the Maximum Settlement Fund, the Final Judgment, and this Order.

14     24.     The Clerk of the Court is directed to close this case.
15     IT IS SO ORDERED.

17 Dated:  January 13, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

# APPENDIX A

| SIMID | First Name | Last Name |
|---|---|---|
| 26 | Hafez | Rafeh |
| 377 | Jaswinder | Bisla |
| 751 | Reginald | Ables |
| 548 | Michelle | Mclemore |
| 113 | Raquel | Miranda |
| 838 | Ralph | Gonzalez |
| 560 | Salomon | Avalos |
| 45 | Daniel | Buck |
| 829 | Thomas | Chvala |
| 125 | Julissa | Carucci |
| 637 | Gloria | Lopez |
| 85 | Robert | Woods |
| 532 | Michael | Coffaro |
| 882 | Chris | Nelson |
| 102 | Yader | Zamora |
| 333 | Steven | Smith |
| 635 | Richard | Steffen |
| 46 | Chris | Green |
| 597 | Sergio | Zepeda |
| 631 | Greg | Kaufman |
| 404 | Kelly | Spurlock |
| 288 | Matthew | Murphy |
| 248 | Winton | Lau |
| 735 | Mandi | Barrera |
| 688 | Rafael | Hernandez |
| 389 | Israel | Tee |
| 148 | Moises | Zapata |
| 620 | Eric | Nau |
| 823 | Ashok | Chand |
| 845 | Tyng | Chinn |
| 765 | Jeremy | Puckett |
| 412 | Joanie | Rollins |
| 436 | Hunter | Richmond |
| 334 | Todd | Hayden |
| 277 | Louis | Alvarado |
| 376 | Laura | Squirek |
| 86 | Erick | Portugal |
| 740 | Jose | Cruz |
| 816 | John | Lorenz |
| 747 | Rebecca | Obrien |
| 655 | Tony | Choi |
| 207 | Robert | Silva |
| 138 | George | Konnick |
| 489 | Trisha | Clara-Aedo |
| 140 | Robert | Balestieri |
| 442 | Leo | Patane |
| 31 | Jean | Kuhn |
| 321 | David | Blake |
| 711 | Steven | Kuhn |
| 381 | Clifford | De Vera |
| 784 | Brad | Haggard |
| 756 | Kenneth | Fisher |
| 3 | Kelly | La Rue |
| 216 | Janet | Shaw |
| 405 | Sukhbir | Brar |
| 396 | Samantha | Bragg |
| 462 | Deborah | Abney |
| 273 | Greg | Mcswain |
| 65 | Robert | Scheven |
| 311 | Robin | Scantland |
| 176 | Kim | Wilcox |
| 449 | Carlos | Escandon |
| 736 | Sumeer | Thapar |
| 700 | Dhirendra | Kumar |

| | | |
|---|---|---|
| 495 | Heidi | Murrell |
| 601 | Harry | Hung |
| 431 | Anthony | Giannini |
| 269 | Marlaina | Cline |
| 819 | Robert | Dumandan |
| 370 | Ramon | Rico |
| 862 | Jessica | High |
| 285 | Muey Liam | Saechao-Surigao |
| 604 | Thomas | Dillon |
| 68 | Nicole | Marin |
| 272 | Stacy | Luna |
| 418 | Sabrina | Lee |
| 267 | Erika | Carreno |
| 54 | Adam | Carr |
| 600 | Raul | Campos |
| 769 | Rosio | Castillon |
| 393 | Robert | Dai |
| 443 | Dianne | Hickey |
| 120 | Robert | Kong |
| 152 | Stacey | Lind |
| 668 | Shannon | Lee |
| 599 | Elizabeth | Maldonado |
| 825 | Katherine | Pearson |
| 218 | Kristopher | Pavia |
| 849 | Scott | Wolatz |
| 118 | Jose | Vargas |
| 238 | Nicole | Lerma |
| 697 | Alexander | Correa |
| 889 | Ashley | Parker |
| 298 | Jaime | Contreras |
| 757 | Addie | Beckett |
| 146 | Robert | Matuszak |
| 145 | Eric | Quintero |